[Florence Land, Mining & Manufacturing Co. v. Warren.]

# Florence Land, Mining & Manufacturing Co. *v.* Warren.

### *Bill in Equity for Redemption, by Judgment-Creditor.*

1. *Who may redeem as judgment-creditor.*—When lands are sold under a mortgage executed by two persons, a judgment-creditor of one of them may redeem (Code, § 1883), on averment and proof that the entire interest in the land belonged to his debtor, the other mortgagor having no title or interest whatever.

2. *Tax-deed as title.*—A tax-deed, though it may be, of itself, insufficient to convey a perfect title, constitutes color of title, when possession is taken and held under it, and becomes a material element of an adverse holding, which may ripen into a title under the statute of limitations.

3. *Proof of recorded deed.*—A deed, having been duly recorded within the time allowed by law (Code, §1798), is self-proving, or admissible as evidence without proof of execution ; or a certified copy is admissible, when a proper predicate has been laid for the admission of secondary evidence, or when offered by a party who has not the custody or control of the original deed.

4. *Proof of title to land.*—Although the title to land can not be proved by oral testimony, a witness may testify to the negative fact, that he never had any right, title or claim to a particular tract of land.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed on the 1st August, 1887, by William Warren, Jr., against the Florence Land, Mining and Manufacturing Company, a private corporation, L. C. Hudson, and others ; and sought to redeem a town lot in Florence, which had been sold under a mortgage executed by William Warren, Sr., and James S. Warren, and bought at the sale by said Hudson, who afterwards sold and conveyed, by quit-claim deed, to said corporation. The complainant claimed the right to redeem as a judgment-creditor of said William Warren, Sr., and also as assignee of both of the mortgagors. The corporation denied the right to redeem, but did not question the regularity or sufficiency of the tender. On final hearing, on pleadings and proof, the chancellor held that the complainant was entitled to redeem as a judgment-creditor, and rendered a decree accordingly ; and this decree is here assigned as error, with numerous rulings on exceptions to evidence. The opinion states the material facts.

[Florence Land, Mining & Manufacturing Co. v. Warren.]

SIMPSON & JONES, for appellant.—(1.) The right of redemption is purely statutory, and is given to judgment-creditors of the debtor, not of the owner of the land. The question of ownership is immaterial, since the right of redemption extends only to the interest which the judgment-debtor had in the land.—Code, §1883; *Posey v. Pressley*, 60 Ala. 243; *Powers v. Andrews*, 84 Ala. 293; *Hanna v. Steele*, 84 Ala. 306; *Com. R. E. Asso. v. Parker*, 84 Ala. 298. (2.) The complainant, asserting rights under the mortgage, is estopped from denying that the property belonged to the parties who signed as joint mortgagors, or that each had a mortgagable interest in it.—Herm. Estoppel, vol. 2, p. 738, §§ 603–04; *Ib.* 1199, §1069; *Carver v. Johnson*, 4 Peters, 80; *Jackson v. Parkhurst*, 9 Wend. 209; *Springstein v. Sherman*, 12 Johns. 359. (3.) The certified copy of the tax-deed ought not to have been admitted as evidence.—*Childers v. Calloway*, 76 Ala. 128. (4.) The title to real estate can not be proved by oral testimony.

J. B. MOORE, and EMMET O'NEAL,. *contra.*—(1.) The evidence shows, without contradiction, that the property belonged to William Warren, Sr., and that Jas. S. Warren had no interest in it, only signing the mortgage because he was bound for the partnership debt; and the complainant is a judgment-creditor of said senior Warren. The mortgage did not make the land partnership property.— *Ware v. Owens*, 42 Ala. 215; *Rapier v. Paper Co.*, 64 Ala. 342; 2 Bates, Partnership, §286; *Hatchett v. Blanton*, 72 Ala. 435; 98 Amer. Dec. 200. (2.) The certified copy of the deed was properly admitted in evidence.—*Hendon v. White*, 52 Ala. 597; *Badger v. Lyon*, 7 Ala. 564. (3.) Title to land can only be proved by writing, but the want of title necessarily rests in parol.

STONE, C. J.—William Warren & Co., a partnership composed of William Warren, Sr., and James S. Warren, were indebted to the Todd Donegan Iron Company, a private corporation, in the sum of two hundred and sixty-nine dollars, evidenced by promissory note payable at a bank. To secure the payment of said note, they, describing themselves as partners, executed a mortgage to the corporation, bearing date December 19, 1884, thereby conveying lot 334, according to the plan and survey of the town of Florence, Alabama. The mortgage was signed by the makers as individuals, and contained a power of sale on default of the payment of the note at its maturity. The note matured four months after the

date of the mortgage. The debt not being paid at maturity, the lot was advertised and sold under the power contained in the mortgage. Hudson became the purchaser, at the price of one hundred and fifty dollars; title was made to him, and he went into immediate possession, and inclosed the lot with a fence. The sale and conveyance to Hudson bear date in August, 1886. In December, 1886, Hudson and wife, by quit-claim deed, conveyed the lot to the Florence Land, Mining and Manufacturing Company, a private corporation, on a recited consideration of one thousand dollars. All the proceedings up to this point appear to have been regular, and no point is made on them.

In February, 1887, William Warren, Jr., a nephew of William Warren, Sr., instituted suit against the latter for the recovery of a money demand. The suit was by ordinary summons and complaint; and on March 24, 1887, the claim was reduced to judgment, the amount of the recovery being $2,210.98, besides costs. There was independent proof that the claim thus reduced to judgment was a *bona fide* debt for money lent, and the record contains no testimony to the contrary.

In less than two years after the sale under the mortgage and purchase by Hudson, William Warren, Jr., attempted to redeem the lot 334, as a judgment-creditor. He made the requisite tender, first to Hudson, and then to the Florence Land, Mining and Manufacturing Company. It is not denied that the tender was made in time, was sufficient in amount, and that a proper conveyance was presented, to be executed by the Florence Land, Mining and Manufacturing Company. The redemption was refused, and the right denied, but not for any defect in the form or substance of the tender, nor for non-compliance with any requirements of the statute, if William Warren, Jr., has shown himself to be such judgment-creditor as can claim the statutory right to redeem. In the tender, the redemptioner proposed to credit, and did enter credit, of fifteen hundred dollars on his said judgment against William Warren, Sr.

The bill in this case was filed by William Warren, Jr., to enforce his asserted right to redeem. The right is resisted on two grounds; one of law, and one of fact. The legal ground relied on is, that inasmuch as the mortgage was given by two —William Warren, Sr., and James S. Warren—and the sale made under that mortgage, a judgment-creditor of one of the mortgagors, William Warren, Sr., does not fall within the provisions of the statute—Code of 1886, § 1883—and can not redeem the land sold, notwithstanding he may conform to all statutory requirements.

We need not, and do not decide, that if the land mortgaged had been the joint property of the two mortgagors, the judgment-creditors of one of them could successfully assert this statutory right, either as to the entire property, or as to a partial interest in it. That question is not before us, and we decide nothing in regard to it. The bill in this case avers that the lot in controversy, although mortgaged by the two Warrens, was in fact the individual property of William Warren, Sr., and that James S. Warren never had any interest in, or claim to it. And this averment is very fully proved, without any conflict in the testimony, unless the testimony which proves it is illegal. We will consider that question further on.

Our statute—Code of 1886, § 1883—declares that "all judgment-creditors of the debtor" (with certain exceptions, not material in this case) "may in like manner redeem the land from such purchaser, or any one claiming under him," &c. It is contended for appellant that, to come within the statute, the creditor must produce a judgment against all the persons as whose property the land had been sold. Hence it is claimed, that William Warren, Jr., under his judgment against William Warren, Sr., has shown no right to redeem land which had been sold under a mortgage executed by William and James Warren. We hold this to be too narrow a view of the statute, which is largely remedial in its aims. If the lot in controversy was, when mortgaged and when sold under the mortgage, the individual property of William Warren, Sr., then the complainant in this case brings himself within the very letter of the statute. He is a judgment-creditor of the debtor, whose land was sold under the mortgage. He is such, because he is a judgment-creditor of William Warren, Sr., and the lot of William Warren, Sr., was sold under the mortgage.

Let us inquire how the opposite interpretation would work. Many judgments are rendered against several joint debtors. Under executions issued on such joint judgments, the property of each defendant may be levied on and sold. The same is true when several persons are named and sued, as constituting a partnership. If appellant's contention be sound, there could, in such cases, be no redemption by the debtor, for the property he would seek to redeem had not belonged to all the defendants to the execution under which it was sold. And the condition of a judgment-creditor desiring to redeem would be equally helpless, unless, perchance, his judgment was against all the defendants named in the process under which the land had been sold. Is not this the rule: Whenever the realty, in the absence of the sale from which redemption is sought,

[Florence Land, Mining & Manufacturing Co. v. Warren.]

would have been subject to execution issued on the judgment of the redemptioner, then the right to redeem is made good. *Carlin v. Jones*, 55 Ala. 624; *Cramer v. Watson*, 73 Ala. 127; Notes to §§ 1881 and 1883. There is nothing in this objection.

There are very many objections and exceptions to testimony in this record, many of which we deem it unnecessary to notice. The fact to be proved was, that when the mortgage was made, the lot was the property of William Warren, Sr., and not the property of William and James S. Warren. The origin of the title seems to have been what is known with us as a tax-deed made to William Warren, Sr. Made at the time that deed was, severe strictness and conformity to statutory requirements were necessary to constitute a valid transfer of title. *Pugh v. Youngblood*, 69 Ala. 296; *Boykin v. Smith*, 65 Ala. 294. And later legislation has dispensed with those strict rules only partially.. But a tax-deed, though insufficient of itself to convey a perfect title, if possession is taken under it, constitutes color of title, and becomes a material element of an adverse holding.—*Boykin v. Smith, supra.* The tax-deed being color of title in William Warren, it was competent evidence, tending to prove that the lot was his property. And having upon it a formal certificate of acknowledgment, and being recorded in proper time, it became self-proving.—Code of 1886, § 1798, and note; *Hart v. Ross*, 57 Ala. 518; *Caldwell v. Pollak, ante*, p. 353.

But the tax-deed itself was not produced. Only a certified copy was put in evidence. Much proof was made tending to show an unsuccessful search for the tax-deed, its probable loss or destruction, and that the paper offered was a copy of the original. And there were many objections and exceptions filed to testimony bearing on these questions. We consider it unnecessary to notice these exceptions. That deed, as we have shown, was made to William Warren, Sr. In the absence of all proof to the contrary, the law presumes the deed remains with the grantee. There is nothing in the transaction, or in the testimony, tending to raise the presumption that William Warren, Jr., ever had the custody of that deed. On the contrary, the presumption, until overturned by proof, is that he did not have it. The law did not cast on him the duty of accounting for the original, before offering in evidence a certified copy from the records. If a party offering in evidence a transcript of a deed, which has been duly certified and recorded, has not the custody or control of the original, the court must receive it in evidence in place of the original, if duly certified. Code of 1886, § 1798, and note. The certified copy of the tax-

[Cordova Coal Co. v. Long.]

deed was rightly received in evidence, on its own merits, and without reference to the oral testimony.

The witness James S. Warren was permitted to give oral testimony that he had never had any right or claim to any part of the lot in controversy, and this testimony was objected to. It is certainly true, that title to realty, which is generally evidenced by some writing, can not, as a general rule, be proved by oral testimony. The reason is obvious, and we need not state it. But that rule, for equally obvious reasons, does not apply when, as in this case, there is a negation of all title or interest. The absence of title or claim is not presumed to be evidenced by documentary proof. The court did not err in receiving and weighing this evidence.

The evidence we have just stated—that furnished by the tax-deed, and the oral testimony of James S. Warren—is not contradicted by anything found in the record. Of itself it proves to our satisfaction that the lot was the property of William Warren, Sr., and not the property of William and James S. Warren. We therefore discard all other testimony bearing on that question, without considering any of the objections or exceptions to it.

The right to redeem in this case was presented to the court below in a double aspect. We have considered it in one of its aspects, and have reached the conclusion that the complainant has made good his right to redeem. We need not consider the other aspect of his contention.

Affirmed.

