(80 South. 817)

ACREE v. SHAW et al. (1 Div. 63.)

(Supreme Court of Alabama. Feb. 13, 1919.)

1. EVIDENCE ⬤⟿471(27) — CONCLUSION—EXTENT OF POSSESSION.

One could testify that he was in possession of the entire tract in controversy, though he could not testify that his possession was open and notorious.

2. ADVERSE POSSESSION ⬤⟿85(3)—EVIDENCE—SUFFICIENCY.

In suit to quiet title, evidence *held* sufficient to show that one of defendants' predecessors had been in actual adverse possession of the entire tract in controversy for more than ten years.

3. EVIDENCE ⬤⟿184 — CERTIFIED COPY OF DEED—ADMISSIBILITY.

Where deed had been made to defendants' ancestors about nine years before commencement of action by plaintiff to quiet title, no presumption should be indulged that defendants did not have custody and control of deed, and certified copy was, in view of Code 1907, § 3374, inadmissible in the absence of proof that original had been lost or destroyed, or that defendants did not have custody or control of original.

4. EVIDENCE ⬤⟿67(1)—DEEDS—CONTINUANCE OF POSSESSION—PRESUMPTION.

In the absence of proof to the contrary, the law presumes that a deed remains with the grantee.

5. APPEAL AND ERROR ⬤⟿1050(4)—ERRONEOUS ADMISSION OF CERTIFIED COPY—REVERSIBLE ERROR.

In suit to quiet title, admission in evidence without proof that original had been lost or destroyed, or that defendants did not have custody and control of original, of the certified copy of a deed which was a necessary chain in defendants' title, was reversible error.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Suit by J. O. Acree against E. M. Shaw and others, in which defendants made their answer a cross-bill. From decree rendered, plaintiff appeals, Reversed and remanded.

Inge & Kilborn, of Mobile, for appellant.
Stevens, McCorvey & McLeod, of Mobile, for appellees.

SAYRE, J. Appellant filed the original bill in this cause to quiet his title to a 40-acre tract of land. Appellees made their answer a cross-bill and set up title by adverse possession held by themselves and those under whom they claimed. They also claimed title under a tax deed and by operation of the short statute of limitations affecting tax titles.

[1] In 1914, appellant took a conveyance of the property in suit from the heirs of Yorick Noel, and at that time went into possession. In 1844, Julius Martiniere, holding a patent from the United States, conveyed to Noel; but it does not appear that any one in this chain of title was ever in possession prior to 1914. At that time (1914) the land had been unoccupied for two or three years, but very clear signs of a former occupancy and cultivation remained upon it. Appellees trace their title back to William Jones, who occupied the place as a homestead for nearly 20 years under circumstances which justified the court in finding that he had acquired title to the entire tract by adverse possession. It is urged, on the other hand, that Jones had no color of title, and that his actual possession was not so delimited in the evidence as to sustain a finding of adverse possession as to any part of the land, and therefore that the decree should have been against his title as to the entire tract. Jones paid money for and had a paper writing of some description under which as a muniment of title he claimed to own the land of which he was in possession; but, if it be conceded that this instrument could not operate as color of title by reason of his imperfect recollection of its contents, the court is still of opinion that his adverse possession is shown to have extended to the entire tract. He testified that he was in possession of the entire tract, and this, under our decisions, he might competently do, though he could not testify that his possession was open and notorious. Ashford v. McKee, 183 Ala. 620, 62 South. 879.

[2] There was evidence going to show—and it was not contradicted—that when Jones first went into possession he cleared up and inclosed a patch of five or six acres and erected buildings of an humble sort where, with his wife and children, he lived for 19 years; that for 18 years after 1887, 1893 excepted, he assessed the entire 40 for taxes and paid the same (these facts did not constitute color of title, of course, but they helped to show the character of his possession as being under a claim of ownership and in hostility to the true title, and thus to show an adverse holding of so much of the land as was in his actual possession, N. C. & St. L. Ry. v. Mathis, 109 Ala. 377, 19 South. 384); that during this time the cultivated field was enlarged to 15 or 20 acres, and Jones cut timber all about over the 40; he gave permission for the erection of a church on the northeast corner of the land, and gave an acre there as a site for the church; that during these years no one exercised any acts of ownership except Jones, and he finally sold the place to Newell. It does not appear that appellees or any of the privies to the title under which they claim ever had the lines of the land in dispute established or marked out by a survey-

or; but appellant testified that he fenced the land and Newell saw the fence that appellant built around the 40 claimed by him—the land that had been occupied by Jones and by him sold to Newell. From this evidence the court was justified in its conclusion that Jones had been in the actual adverse possession of the entire tract in controversy for more than 10 years.

[3, 4] Appellees, over the apt objection of appellant, were allowed to put in evidence the certified copy of a recorded deed from Newell to Lyman H. Shaw. From Lyman H. Shaw appellees had inherited their interest in the property. This deed, executed in 1907, was a necessary link in the chain of appellees' title, for, at the time of its execution and delivery, and for some time thereafter, no one was in possession, and the vesting in appellees of the title acquired by Jones was not otherwise shown. The certified copy, in the absence of proof that the original had been lost or destroyed, or that appellees, the parties offering the transcript in evidence, had not the custody or control thereof, was erroneously admitted in evidence. The statute authorizing the admission of certified transcripts of recorded conveyances, section 3374 of the Code, conditions admissibility as follows: If it appears to the court that the original conveyance has been lost or destroyed, or that the party offering the transcript had not the custody or control thereof, the court must receive the transcript, etc. In White v. Hutchings, 40 Ala. 253, 88 Am. Dec. 766, Judge, J., expressed the opinion that, since in this country the grantee generally takes only the immediate deed to himself, and, upon conveying to another, had a right, for his own protection as warrantor of the title he conveys, to retain in his hands the immediate deed to himself, the presumption is that he has done so, and this is sufficient to answer the conditions of the statute when a certified transcript of the deed under which one's predecessor in title took is offered in evidence. The court, however, reserved its opinion on this point. In the absence of all proof to the contrary, the law presumes that a deed remains with the grantee. Florence Land, etc., Co. v. Warren, 91 Ala. 533, 9 South. 384; Beard v. Ryan, 78 Ala. 37; Hendon v. White, 52 Ala. 597; Badger v. Lyon, 7 Ala. 564.

In Allison v. Little, 85 Ala. 512, 5 South. 221, a deed was made to trustees. More than 50 years afterwards, the grantees being dead, it was held that there was no presumption that their successors had custody of the original. A certified transcript was admitted in evidence without an accounting for the original. Appellees rely upon that case. In the present case, the deed had been made to the ancestor of appellees about 9 years before this action was commenced. The judgment of the court is that in these circumstances no presumption should be indulged that appellees had not the custody or control of the deed taken by their ancestor; they were in court prosecuting their claim to the property; there appears no sufficient reason for withholding an application of the literal mandate of the statute; the ruling by which the deed was admitted—appellant's objection was renewed before the chancellor and in the end overruled by him—was error, and without this deed in evidence appellees should not have been allowed to prevail on their claim of title, as we have already said in substance.

The tax deed under which appellees claimed was excluded in the court below. Nor could appellees prevail under the short statute of limitations. We do not find in the evidence sufficient warrant for a conclusion that after the auditor's deed there was any adverse possession of the land for any continuous period of three years. Jackson Lumber Co. v. McCreary, 137 Ala. 278, 34 South. 850.

[5] For the error indicated, the decree must be reversed; but, to the end that appellees may have an opportunity to make proper proof of the conveyance to them, the cause will be remanded for further proceedings which will give effect to the legal rights of the parties.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.