(87 South. 85)

**GODBEY v. GODBEY et al.** (8 Div. 233.)

(Supreme Court of Alabama. Oct. 28, 1920.)

Evidence ⊚〰158(27)—Certified transcript of record of deed inadmissible without showing loss of original or absence of custody or control.

In a suit for the sale of land in lieu of partition, where it was claimed that plaintiff had conveyed her interest, but the original conveyance was not offered in evidence or shown to have been lost or destroyed, and it was not shown that defendants did not have its custody or control, the admission of a certified transcript of the deed as recorded was error.

Appeal from Circuit Court, Lawrence County; Robt. C. Brickell, Judge.

---

⊚〰For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bill by Rachael Godbey against Isaac Godbey and others to sell land for division. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

All the parties claim title through William Godbey, Sr., who at one time owned and was in possession of the land. The complainant and all of the respondents, except Mary Moore, M. L. Moore, and Birdie Moore, are children and grandchildren of William Godbey. The Moores are made parties respondent because they claimed to own some interest in the land by and through a conveyance from some of the heirs of William Godbey, Sr. The three children of William, Sr., filed an answer and cross-bill, praying cancellation of a deed executed by them to S. Moore, through whom the Moore respondents claimed. The court denied relief to complainant and dismissed her bill and granted relief to cross-complainant William Godbey, ordered the land sold for division among some of the defendants, but decreed that complainant had no interest in the land and that some of the defendants and two of the cross-complainants had no interest.

G. O. Chenault, of Albany, for appellant.

The provisions of section 4007 of the Code are without application in this case. 158 'Ala. 242, 48 South. 581, 21 L. R. A. (N. S.) 755, 17 Ann. Cas. 392; 172 Ala. 655, 55 South. 293. Court erred in admitting over complainant's objection the deed under which the Moores claimed that complainant parted with her title, as it was not properly certified. Section 3374, Code 1907; 175 Ala. 408, 57 South. 832; 198 Ala. 219, 73 South. 469.

C. M. Sherrod and E. B. Downing, both of Moulton, for appellees.

No brief reached the reporter.

SAYRE, J. Appellant filed this bill seeking the sale of a certain parcel of land in lieu of partition in kind. Appellant's interest in the land was denied, the averment being that she had conveyed the same to some of the parties defendant, and upon final hearing upon pleading and proof the bill was dismissed.

Appellant and several of the defendant-appellees had inherited their interest from their father. Three of appellees, Moore by name, had inherited their interest from S. Moore, their father. These last-named appellees claimed the interest which had descended to appellant in virtue of a conveyance alleged to have been executed by appellant and two other heirs of 'their father. The divesting of appellant's interest was not otherwise shown. The original of the conveyance was not offered in evidence, nor was it shown that it had been lost or destroyed, or that appellees had not the custody or con-

trol thereof. Nevertheless a certified transcript of the deed, as recorded, was received in evidence over appellant's objection. This was error. Acree v. Shaw, 202 Ala. 433, 80 South. 817.

It results that the decree must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.