## DRIVER v. FITZPATRICK.    (5 Div. 807.)

(Supreme Court of Alabama.    Jan. 18, 1923.)

1. **Adverse possession ☞115(1)—Where issue was for jury, directed verdict error.**

    In ejectment, where evidence tended to show defendant's adverse possession under color of title for 10 years, there was an issue of fact for the jury, and in giving the general affirmative charge with hypotheses, which in effect directed a verdict for plaintiff, there was error.

2. **Adverse possession ☞17—Mines and minerals ☞49—Possession of unsevered mineral interest in situ not possession of surface.**

    The possession of a mineral interest in situ where there has been severance in the title of the mineral estate from the surface estate is not the possession of the surface; and likewise possession of the surface is not possession of the mineral estate.

3. **Evidence ☞183(1)—Certified transcript of recorded deed inadmissible where loss of original is not shown.**

    In view of Code 1907, § 3374, a certified transcript of a recorded deed is inadmissible on apt objection; the loss or destruction of the original not being shown.

4. **Adverse possession ☞113—Claimant entitled to prove claim of adverse possession by witnesses.**

    Defendant claiming by adverse possession may elicit from qualified witnesses that she was in possession of land claimed, and that she claimed it during the period of which she sought to predicate her contention of right.

5. **Appeal and error ☞1050(1) — Admitting deed to mineral deposit on land claimed by adverse possession not prejudicial error.**

    In ejectment, where defendant claimed the land by adverse possession, in admitting a deed to mineral rights thereon, no prejudicial error resulted.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Action by Mary S. Fitzpatrick, by her next friend, H. T. Fitzpatrick, against Rebecca Driver. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint is as follows:

"The plaintiff sues to recover possession of the following tract of land, situated in the county of Chilton, state of Alabama, and more particularly described as follows, to wit: 'West half of northwest fourth (W. ½ of N. W. ¼) north half of the southwest fourth (N. ½ of S. W. ¼) in section twenty (20) township twenty-two (22) north, of range sixteen (16) east, and containing 159.60 acres, more or less. Less and except the mineral known as "Kolomite" in or under said land.' And plaintiff alleges that she has the legal title to the premises in question, and that the defendant entered thereupon and unlawfully withholds and detains them. Plaintiff claims as damages the sum of three thousand dollars ($3,000.00) for the detention of said lands and for injuries and waste to the lands."

William F. Connell, the common source of title, died in 1901 or 1902, leaving a widow, Martha Connell, and three minor children by said Martha, his last wife, viz. Ella, Sallie, and Julia, and also Emma Cannon, Rebecca Driver, Hence Connell, James and Lige Connell, children of an earlier marriage. Plaintiff, in developing her title, introduced in evidence a deed from Martha Connell, her three daughters, Ella, Sallie, and Julia, and their husbands, to G. W. N. Jones, dated August 4, 1909; and also a certified copy of a deed from G. W. N. Jones and wife to the plaintiff, dated August 6, 1909. Plaintiff also introduced in evidence, over objection of the defendant, a deed from the plaintiff to the Klenol Company executed in May, 1911, conveying certain mineral rights on said land.

Evidence for the plaintiff tended to show that the land at the time of the death of William F. Connell was worth about $2 an acre; that the later wife and minor children lived there with the father at the time of his death, but soon moved off of it; that the mother had possession of it until she sold in 1909; that Alva Fitzpatrick, husband of the plaintiff, mined the land in the years 1909, 1910, 1911, and 1912 for himself, and later for the Klenol Company.

The defendant introduced in evidence a patent from the United States to William F. Connell and a deed to herself by her sisters and brothers, children of her father's earlier marriage, dated August 22, 1909. Evidence for defendant tended to show that she owned and rented the land from the time of the deed to her, that she directed those mining for the Klenol Company to get off the land, and that she assessed and paid taxes on the land for the years 1910 to 1921, inclusive.

The trial court sustained objections to questions to defendant's witness Parrish, and excluded his answers going to show that defendant had possession of the land and claimed to own the same.

At the conclusion of the evidence the court gave the affirmative charge for plaintiff, and stated to the jury effects of the evidence, in substance, as follows: That at the time of his death Connell was living on the land as a homestead; that it was all he owned, was

less in area than 160 acres, and less in value than $2,000; that the legal title to the homestead vested in the widow and minor children; that their conveyance to Jones and Jones' deed to plaintiff vested in plaintiff the legal title. It was further stated that defendant based her claim on adverse possession; that at one period, in 1911, plaintiff or those claiming under her conducted mining operations on the land, and thus interrupted defendant's possession; that defendant, to maintain her claim by adverse possession, must have shown adverse possession for 10 years; that she failed to show such possession for 10 years prior to or subsequent to 1911, when the same was so interrupted, and that her possession had not ripened into title; and that plaintiff was entitled to recover.

Thos. A. Curry, of Clanton, for appellant.

The certified copy of the deed from Jones to the plaintiff was inadmissible, in the absence of proof that the original had been lost or destroyed. Code 1907, § 3374; 202 Ala. 433, 80 South. 817. It was error to exclude the evidence of the witness Parrish as to the possession of the land. 140 Ala. 283, 37 South. 382, 103 Am. St. Rep. 35; 97 Ala. 579, 12 South. 75; 111 Ala. 596, 20 South. 443. The court erred in giving the affirmative charge and in instructing the jury to find for plaintiff. 144 Ala. 343, 39 South. 74; 141 Ala. 258, 37 South. 395; 155 Ala. 270, 46 South. 753; 63 Ala. 432; 150 Ala. 445, 43 South. 856.

James S. Edson, of Montgomery, for appellee.

The lands in question vested in the widow and minor children immediately on the death of William F. Connell. Code 1907, § 2069. To support her claim, defendant's adverse possession must have been continuous. 206 Ala. 156; 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45.

McCLELLAN, J. [1] Statutory ejectment instituted by appellee against appellant. In addition to the general affirmative charge with hypothesis, given at plaintiff's instance, the court, through supplementary statements to the jury, in effect directed a verdict for plaintiff in so far as adverse possession was concerned. Under the tendencies of phases of the evidence designed to show defendant's adverse possession, under color of title, of the quarter section in question for 10 years —an issue of fact for the jury to determine —this action of the court was error. Shipp

v. Shelton, 193 Ala. 658, 69 South. 102, among others.

[2] The amended complaint sought the recovery of the land described, the mineral right therein having been severed through conveyance to the Klenol Company in May, 1911. The possession of the mineral interest in situ, where there has been severance in the title of the mineral estate from the surface estate, is not the possession of the surface; and likewise, where such severance in title has been effected, possession of the surface is not possession of the mineral estate. Hooper v. Bankhead, 171 Ala. 626, 54 South. 549; Franklin v. Gwin, 203 Ala. 673, 85 South. 7; Birmingham Fuel Co. v. Boshell, 190 Ala. 597, 67 South. 403; Shepard v. Mt. Vernon Lumber Co., 192 Ala. 322, 327, 68 South. 880, 15 A. L. R. 23. The failure on the part of the trial court to observe and apply the doctrine stated led the court to the erroneous assumption that mining operations only, and for a short period of time, after the conveyance to the Klenol Company, effected to wholly neutralize the effect of defendant's evidence tending to show her adverse possession of the land described in the amended complaint, viz. the surface estate in the area defined in the pleading.

[3] The certified transcript of the recorded deed from G. W. N. Jones to the plaintiff was inadmissible on seasonable, apt objection; the loss or destruction of the original not being shown. Acree v. Shaw, 202 Ala. 433, 434, 80 South. 817; Code, § 3374. But the objections stated to the admission of the transcript were general in character, and did not take the sound point belatedly made.

[4] The defendant was entitled to elicit from her witnesses, if they were qualified to so affirm the fact, that she was in possession of the land described in the complaint, as well as that she claimed the same during the period of which she sought to predicate her contention of right established through adverse possession. Dorlan v. Westervitch, 140 Ala. 283, 37 South. 382, 103 Am. St. Rep. 35; Steed v. Knowles, 97 Ala. 573, 12 South. 75; Goodson v. Brothers, 111 Ala. 589, 20 South. 443; 2 C. J. p. 269 et seq.

[5] Under the amended complaint, no prejudicial error resulted from the admission of the already mentioned deed to the Klenol Company.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.