(102 So. 712)

**WILLIAMS et al. v. OATES.    (4 Div. 126.)**

(Supreme Court of Alabama.    Dec. 18, 1924. Rehearing Denied Jan. 22, 1925.)

1. Evidence ☞343(3)—Ancient deed presumed retained by grantee and transcript admissible to prove deed, in absence of evidence to contrary.

An ancient deed is presumed to have been retained by the grantee therein, in absence of proof to the contrary or suspicious circumstances, and duly certified transcript is admissible in evidence to prove the deed.

2. Evidence ☞343(3)—Conveyance to plaintiff provable by record on proper, showing that plaintiff did not have custody or control of conveyance.

A conveyance to plaintiff in ejectment is provable, under Code 1907, § 3374, by duly certified transcript of the record thereof or by the record itself, where the proper predicate is laid showing that plaintiff did not have the custody or control of said conveyance.

3. Evidence ☞358—Map held admissible as in support, not in contradiction, of deed.

Map, described in a deed conveying lands with reference thereto, and adopted as a part of the conveyance, which is shown to be correct and identifies the land in controversy, and was delivered with or a short time before the deed, is admissible in support, and not in contradiction, of deed, irrespective of Code 1907, § 6028.

4. Ejectment ☞90(5)—Certificate of foreclosure of mortgage to plaintiff held admissible.

A general objection to admission in evidence in ejectment action of a certificate of foreclosure of mortgage given to plaintiff was properly overruled, the mortgage being properly in evidence as vesting title in plaintiff, after its law day, leaving in the mortgagor only the equity of redemption, and the effect of the foreclosure being to cut off the equity and give effect to the statutory right, so that, even if the certificate was not self-proving, its admission was not reversible error.

5. Mortgages ☞368—Auctioneer's memorandum of foreclosure sale held not required to be witnessed.

A memorandum of mortgage foreclosure sale by auctioneer was not required, by Code 1907, § 4896, to be witnessed.

6. Evidence ☞69—Foreclosure of mortgage presumed regular and valid.

In the absence of evidence to the contrary, the foreclosure of a mortgage, being shown, is presumed to be regular and valid.

7. Mortgages ☞368—Certificate prima facie evidence of foreclosure.

Certificate of mortgage foreclosure is prima facie evidence of foreclosure.

8. Execution ☞275(2)—Sheriff's deed, unsupported by valid execution, void.

A sheriff's deed, unsupported by a valid execution, is a nullity.

**9. Execution** ⊚⇒275(2)—**Failure of page of execution docket to show execution described in deed held insufficient evidence of invalidity.**

Evidence that a certain page of execution docket, relating to case in which sheriff's deed issued, failed to disclose the execution described in the sheriff's deed *held* not sufficient to show invalidity of the deed in view of other recitals therein and the lack of evidence that there was no valid execution to support said deed.

**10. Evidence** ⊚⇒366(11)—**Sheriff's deed admissible in evidence without independent proof of proceedings therein recited.**

Introduction in evidence of a sheriff's deed properly executed is authorized by Gen. Acts 1923, p. 629, without independent proof of the facts or proceedings therein recited.

**11. Evidence** ⊚⇒366(11)—**Act making sheriff's deed prima facie evidence held not to deny any substantive right.**

Gen. Acts 1923, p. 629, authorizing sheriff's deed properly executed to be received without independent proof of proceedings recited therein does not in establishing a prima facie rule of evidence deny any substantive right.

**12. Evidence** ⊚⇒383(2)—**Act making sheriff's deed prima facie evidence held retroactive.**

Gen. Acts 1923, p. 629, authorizing sheriff's deed properly executed to be received without independent proof of proceedings recited therein is retroactive, affecting pending suits.

**13. Ejectment** ⊚⇒106—**Sheriff's deed without proof of execution proceedings held to present jury question whether deed was founded on valid execution.**

A sheriff's deed, introduced in evidence without proof of valid execution proceedings, *held* to present a jury question whether it was founded upon one or more valid executions.

**14. Evidence** ⊚⇒332(1)—**Record of case up to judgment held admissible in support of sheriff's deed.**

In ejectment proceedings, in which sheriff's deed was received in evidence, the record in the case in which such deed was issued up to the judgment therein was properly received in support of sheriff's deed.

**15. Trial** ⊚⇒45(1)—**Page of docket, offered to show no execution issued to support sheriff's deed, properly excluded, in absence of offer of whole docket.**

In the absence of an offer of the whole execution docket to show that no execution had been issued or was in sheriff's hands at time of sale, one page of the docket, offered to show such facts, was properly excluded.

**16. Trial** ⊚⇒82—**Instruments, defectively witnessed and unacknowledged, properly received in evidence, where not objected to as not self-proving.**

Deeds, conveyances, and contracts, offered in evidence in an ejectment action, which were witnessed by only one person and not acknowledged or probated as provided by statute, were properly received, in view of defendant's admission of their execution, where no specific objection was made that they were not self-proving.

**17. Evidence** ⊚⇒358—**Plat of lands dedicated, though not in statutory method, held admissible in evidence.**

An unrecorded plat or survey of lands, conveyed with reference thereto, was binding on the parties, though dedication was not made in statutory mode, and was properly received in evidence, in view of other evidence that it was delivered with deed.

**18. Taxation** ⊚⇒530—**Payment of taxes by one tenant payment by others.**

Payment of taxes by one tenant is a payment in law by and for the benefit of the others.

**19. Taxation** ⊚⇒742—**Transfer of tax certificate must relate to tax sale and be governed by relations of parties as of tax sale date.**

A transfer by the purchaser of tax certificate pursuant to Code 1907, § 2289, and the deed pursuant thereto, must relate to the tax sale and be governed by the relations of the parties in interest.

**20. Taxation** ⊚⇒811—**Evidence held to warrant inference that taxes had been paid at time of tax sale and to warrant refusal of peremptory instruction for tax title claimant.**

In ejectment action against claimant under tax title, evidence by a joint owner, at time taxes were due, that he paid same *held* to afford basis for inference to be drawn by jury that taxes had been paid at time sale was had, and to warrant refusal of affirmative instruction for defendant.

**21. Taxation** ⊚⇒805(1)—**Short statute of limitations not applicable, where land assessed and sold as property of one other than owner.**

Under Code 1907, § 2311, providing a short statute of limitations in cases where real estate is sold for taxes, but excepting cases in which the land sold was not at the time of assessment or of sale subject to taxation, the short statute of limitations is not applicable, where land was assessed and sold for taxes as the property of mortgagor, whose interest therein had been foreclosed and whose time for redemption had expired, and where a sheriff's deed duly recorded showed title not in him at time of assessment.

**22. Taxation** ⊚⇒811—**Instruction submitting issue of payment and refusing to charge that assessment and tax sale were valid held warranted.**

Evidence as to payment of taxes, foreclosure of mortgage, and transfer of title on mortgage foreclosure sale to another than person in whose name lands were assessed *held* to warrant an instruction in action of ejectment against claimant under tax deed, submitting issue of payment of taxes, and to warrant refusal of instruction that assessment and tax sale were made against proper parties.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**23. Trial ⬉260(1)—Error not predicated on refusal of instruction covered by others given.**

Error cannot be predicated on the refusal of an instruction covered by others given.

**24. Witnesses ⬉388(2)—Question on impeachment held properly excluded for insufficient predicate.**

A question in the nature of impeachment of another's testimony, "What did he say to you at that time?" was properly excluded; no sufficient predicate having been laid for the introduction of the answer which would have been made.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action in ejectment by William C. Oates against Dan S. Williams and others. Judgment for plaintiff, and defendants appeal. Affirmed.

The action was brought by the plaintiff against Dan Williams, with summons to D. C. Carmichael and B. F. Cummings, as landlords, who come in to defend.

In deraigning his title to the land in suit plaintiff introduced in evidence the following instruments and documents, which were admitted over objections respectively interposed by the defendants:

A copy of an entry on the records in the United States Land Office, certified by the Register of the Land Office, showing the issuance of a patent to J. S. Arnold on May 25, 1885.

A certified copy of a deed from James Arnold and wife to J. W. Powell, dated December 13, 1886.

A page from a book purporting to be the original record in the probate office, containing the record of a deed from J. W. Powell and wife to S. B. Youngblood, dated February 19, 1891.

A deed from S. B. Youngblood and wife to C. E. Sellers, dated February 2, 1892.

Record of summons and complaint in a suit, declaring on a promissory note, by B. G. Farmer v. C. E. Sellers, filed August 14, 1895, in the circuit court of Henry county, and minute entry in that case as follows:

"B. G. Farmer v. C. E. Sellers.

"September 26/95.

"Came the plaintiff by attorney, and the defendant came out, but made default, and, because the damages are uncertain, thereupon came a jury of good and lawful men, to wit, J. H. Armstrong, and eleven others, who on their oaths say they find for the plaintiff and assess his damages at $429.80. It is thereupon considered by the court that the plaintiff recover of the defendant the said sum of $429.80 and also the costs in this suit, for which let execution issue. Exemptions waived as to personalty."

A certified copy of a deed from J. M. Pilcher, as sheriff, to B. G. Farmer, dated August 16, 1897, and reciting that, "whereas, an execution issued from the circuit court of Henry county against C. E. Sellers in favor of B. G. Farmer on a judgment rendered in said court at the fall term thereof, 1895, for the sum of $429.80, besides costs of suit, which said execution came into my hands, as sheriff of said county, on the 12th day of July, 1897, to execute and return according to law, and whereas, other executions issued from the (sic) were also placed in my hands against said, (sic) to execute and return according to law, as will appear by reference to the records of said court by virtue of which execution above recited, as also the other said executions, I did as sheriff aforesaid levy upon the following as the property of said C. E. Sellers, to wit * * *"; that notice of sale was given, the sale had; and that B. G. Farmer became the purchaser thereat, whereupon conveyance is made to said Farmer of the lands involved.

A certified copy of a mortgage from C. E. Sellers and wife to William C. Oates, dated April 11, 1894. As to this the plaintiff, as a witness, testified:

"I have not the original mortgage from C. E. Sellers and his wife to William C. Oates. I have searched for it diligently. I haven't it, and it is not among my papers anywhere. I do not know whether my father ever sold or transferred that mortgage, or not, or whether it was paid. To my knowledge it was not sold, transferred, or paid; nor does the record say so."

A certificate dated November 30, 1908, and signed by B. G. Farmer, auctioneer, reciting the foreclosure of the above mortgage on that date, and that William C. Oates became the purchaser at such foreclosure sale.

A contract, dated November 5, 1908, entered into by H. A. Powell, William C. Oates, and B. G. Farmer, reciting that Oates has a valid mortgage on the land from Sellers, which Oates agrees to foreclose and bid off the land for the amount of his debt, after which the contract is to become of force; that Powell has in his possession a deed to the land from one Pelham and, in his chain of title, a deed from Pilcher, as sheriff, to Farmer, and a deed from Farmer to Pelham; that Powell has pending a suit in the name of Farmer against Sellers for possession of the land, and other suits involving the land—all which suits Powell agrees to dismiss; that Farmer shall be relieved of any obligation as to costs in such litigation, and in turn releases any claim he may have upon the land. By this instrument Oates conveys to Powell, and Powell conveys to Oates, an entire undivided one-half interest in the land, "in such a way and to such an extent that upon the execution of this contract the said Oates shall own without lien or incumbrance, in so far as the said Powell and Farmer are concerned, an entire undivided one-half interest in and to" said land, "and the said Powell upon the

execution of this contract shall own without lien or incumbrance, in so far as the said Oates and Farmer are concerned, an entire undivided one-half interest in and to said land."

A deed from Powell to Farmer, dated December 10, 1910, and conveying a one-fourth interest in the land.

A plat of the land in suit. As to this one Jenkins testified that he was a surveyor; that he prepared the plat, which was a correct plat of the land at the time; that he prepared it in 1911 or 1912 for the plaintiff, Powell and Farmer. The plaintiff, as a witness, testified that this plat was delivered to him by Powell and Farmer at the time or just before these parties delivered to him a deed to the land.

A deed, dated February 8, 1913, from H. A. Powell and wife and B. G. Farmer and wife to William C. Oates (plaintiff), conveying the land in question.

Farmer, Merrill & Farmer, of Dothan, for appellants.

The short statute of limitations applies to the tax sale under which the defendants claim. Williams v. Oates, 209 Ala. 683, 96 So. 880. A certified copy of a conveyance may be received only when the original has been lost or destroyed. Code 1907, § 3374; Driver v. Fitzpatrick, 209 Ala. 34, 95 So. 466; Acree v. Shaw, 202 Ala. 433, 80 So. 817. The plat offered by plaintiff was inadmissible. Code 1907, §§ 6028, 6029, 6039; Manning v. House, 211 Ala. 570, 100 So. 772. The sheriff's deed, not being supported by a prior valid execution, was improperly admitted. Acts 1923, p. 629, does not apply. Reddick v. Long, 124 Ala. 260, 27 So. 402. Plaintiff did not bring himself within the exceptions in section 2311 of the Code of 1907, and defendants were entitled to the affirmative charge.

T. M. Espy and L. S. Hodnett, both of Dothan, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

There was no error in admission of certified copies of conveyances offered by plaintiff. Code 1907, § 3374; Acree v. Shaw, 202 Ala. 433, 80 So. 817. The plat was properly received in evidence. Thrasher v. Royster, 187 Ala. 352, 65 So. 796; Driver v. King, 145 Ala. 595, 40 So. 315; Vandiver v. Vandiver, 115 Ala. 328, 22 So. 154; Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St. Rep. 182; 19 C. J. 1164. The sheriff's deed was prima facie evidence of the facts therein recited. Code 1923, § 7706; Brannan v. Henry, 175 Ala. 454, 57 So. 967; B. T. Co. v. Curry, 175 Ala. 373, 57 So. 962; Dickson v. Ala. M. & S. Co., 18 Ala. App. 164, 89 So. 843; W. U. Tel. Co. v. L. & N., 199 Ala. 441, 74 So. 946. A certificate of purchase under the power of sale in a mortgage vests in the purchaser the same title that would pass under a foreclosure deed. Bellenger v. Whitt, 208 Ala.

655, 95 So. 10. In the absence of any evidence to the contrary, it will be presumed that the foreclosure was regular. Harton v. Little, 176 Ala. 267, 57 So. 851.

THOMAS, J. The affirmative charge was requested by and denied to defendants in this statutory action in the nature of ejectment. A phase of this case was before the court in Williams v. Oates, 209 Ala. 683, 96 So. 880. The appellants state they defend under and by virtue of a tax title, coupled with the fact that they were in possession of the land and remained in possession of it for more than three years after the purchaser at the tax sale became entitled to demand a deed therefor. Thus are presented the merits of appellants' claim, if they are to prevail in this suit.

Several questions arose on the introduction of evidence, and rulings thereon are presented for review. The assignments of error insisted upon will be considered. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

[1, 2] The evidence is silent as to the possession of the ancient deeds admitted in evidence. In the absence of proof to the contrary, or suspicious circumstances, said deeds are presumed to have been retained by the respective grantees therein. Under such state of the evidence a duly certified transcript of the record thereof was properly received in evidence to prove the deed. Ray v. Farrow, 211 Ala. 445, 100 So. 868; McMillan v. Aiken, 205 Ala. 35, 88 So. 135. The proper predicate was required in Driver v. Fitzpatrick, 209 Ala. 34, 95 So. 466, to authorize, under the statute (Code 1907, § 3374), the introduction in evidence of plaintiff's deed from his grantee. This holding was consistent with the line of cases having application. In Acree v. Shaw, 202 Ala. 433, 80 So. 817, it was the deed to plaintiff's ancestor (made nine years before the suit) which was sought to be introduced in evidence; in Florence Land, Mining & Mfg. Co. v. Warren, 91 Ala. 533, 9 So. 384, a tax deed was offered. Judge Stone there declared that, in the absence of all proof to the contrary, the law presumes the deed remains with the grantee, and made the observation that there was nothing in the evidence tending to raise any other presumption as to the custody of the deed in question. In the case of Beard v. Ryan, 78 Ala. 37, the proof was of an ancient deed, and record copies were properly received. The holding in Hendon v. White, 52 Ala. 597, was that the title deeds of a defendant whose estate had been sold and conveyed under compulsory legal process are not presumed to be in the possession or under the control of the purchaser, and the latter need only introduce a duly certified transcript of the record of the deed, without accounting for the original. There was no error in admitting in evidence certified copies of the record (or the record itself) of the deeds from

the Arnolds to J. W. Powell, the record of deed from Powell and wife to S. B. Youngblood, the original deed from said Youngblood and wife to C. E. Sellers, and the mortgage from said Sellers and wife to William C. Oates. As to the latter instrument due predicate was laid, showing that plaintiff did not have the custody or control of said conveyance.

[3] The agreement between Farmer, Powell, and Oates, of date November 5, 1908, was introduced in original form; also the original warranty deed and plat from Powell and Farmer to plaintiff, Oates. Aside from the mortgage, these were the only conveyances passing to plaintiff or his ancestor. As to those there was compliance with section 3374 of the Code of 1907, as construed in Acree v. Shaw, 202 Ala. 433, 80 So. 817, in the respects for which they were challenged. Oates testified the map prepared by authority was delivered to him by the grantees in the deed just before the delivery of the warranty deed of Farmer & Powell. It did not depend upon the statute (section 6028 of the Code of 1907) for authority of its evidentiary effect. An unrecorded map as a part of a conveyance of a subdivision was discussed in Manning v. House, 211 Ala. 570, 100 So. 772, and the conclusion there announced would not exclude the instant map. The map was sufficiently described in the deed, the lands conveyed with reference thereto, and it was adopted as a part of the conveyance shown to be correct, identified the land in controversy, and it was delivered with the deed or a short time before. It was in support, and not a contradiction, of the language of the deed. No error was committed in receiving the original deed and map of the northeast addition of Dothan in evidence. See Thrasher v. Royster, 187 Ala. 350, 65 So. 796; Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St. Rep. 182; Driver v. King, 145 Ala. 585, 40 So. 315; Vandiver v. Vandiver, 115 Ala. 328, 22 So. 154.

[4-7] The certificate of foreclosure of the mortgage by Sellers to Oates was introduced in evidence over the objection and exception of defendants. Only general grounds of objection were urged against its introduction in evidence. The mortgage was in evidence after its law day vesting the title in Oates, leaving in Sellers only the equity of redemption. The effect of the foreclosure cut off the equity and gave effect to the statutory right. Dinkins v. Latham, 202 Ala. 101, 79 So. 493. The matter of the right of redemption vel non could not affect the suit in ejectment. If it be a fact that the certificate was not self-proving and was admitted in evidence without such evidence, no reversible error would be presented, for the reason that the mortgage was properly introduced in evidence, as we have indicated. Moreover, the memorandum of sale by the auctioneer was not required to be witnessed by the statute of force at the time of the sale. Code 1907, § 4896; Bellenger v. Whitt, 208 Ala. 655, 95 So. 10; Clark v. House, 205 Ala. 195, 87 So. 593. In the absence of evidence to the contrary, the foreclosure of a mortgage, being shown, is presumed to be regular and valid. Harton v. Little, 176 Ala. 267, 269, 57 So. 851; Ward v. Ward, 108 Ala. 278, 19 So. 354. The certificate was prima facie evidence of the foreclosure, and not subject to the objections directed thereto.

[8-13] It is true that, if unsupported by a valid execution, a sheriff's deed would be a nullity. Reddick v. Long, 124 Ala. 261, 27 So. 402. The fact that the page of the execution docket of the recited case failed to disclose the execution described in the deed was not sufficient to show the invalidity of that sheriff's deed, in view of the other recitals therein contained and the lack of evidence that there was no valid execution to support said deed. It has been held that an erroneous recital in such deed of the date of the issue of the execution under which the sale was made did not render the deed invalid. Davidson v. Kahn, 119 Ala. 364, 24 So. 583. The act of 1923 (Gen. Acts, p. 629) authorized the introduction in evidence of a sheriff's deed properly executed, it being provided that it be received without "independent proof of such facts or proceedings recited." The prescription by the Legislature of such a prima facie rule of evidence does not deny any substantive right of the defendant. The act was retroactive, and affected pending suits. Board of Revenue of Jefferson County v. Hewitt, 206 Ala. 405, 90 So. 781; Burnett v. Roman, 192 Ala. 188, 68 So. 353; Brannan v. Henry, 175 Ala. 454, 57 So. 967; Birmingham Trust Co. v. Currey, 175 Ala. 373, 57 So. 962, Ann. Cas. 1914D, 81; Dickson's Case, 206 Ala. 698, 89 So. 922. A jury question was presented by the recitals of the sheriff's deed as to whether it was founded upon one or more valid executions.

[14, 15] The record in the circuit court up to the judgment in the case of Farmer v. Sellers was properly admitted in evidence in support of the sheriff's deed. No reversible error intervened in declining to admit the one page of the execution docket offered by defendant, in the absence of an offer of the whole docket to show that no execution that would support the sheriff's deed had issued and was in the sheriff's hands at the time of the sale.

[16] The contract of November 5, 1908, between Farmer, Powell, and Oates was collateral to the formal conveyances in consummation of their partition of these and other lands. It tended to show, with the other evidence, a joint ownership thereof for the time indicated. The specific objection that it was not self-proving was not urged against its introduction in evidence. And so of the deed from Powell to Farmer to a one-fourth interest in these lands. These instruments

were witnessed by one person, and not acknowledged or probated, as provided by statute. The deed from Powell and wife and Farmer and wife to plaintiff (of date February 8, 1913), duly acknowledged, recorded, and received in evidence, recited a joint ownership of the lands, and that the conveyance was in execution of agreement to divide the same. There was no error in the introduction in evidence of said instruments, in view of the recited objections thereto and admission of the execution by the defendants.

[17] It has been noted that the lands were conveyed with reference to and in accordance with a survey and plat thereof, recited to have been filed "in the office of the judge of probate in and for the county of Houston, state of Alabama, in Dothan, Ala., which said survey and plat is known as the survey and plat of the Northeast Addition to Dothan. The said plat was filed in the office of the judge of probate aforesaid on the ——— day of ———, A. D. 1912, and is hereby made a part hereof." The evidence was sufficient to show that Powell, Farmer, and Oates had the plat made and conveyed the respective lands with reference thereto. Manning v. House, 211 Ala. 570, 100 So. 772. Though the dedication of streets and ways was not made as provided by statute, still the parties to such conveyances were bound by such plat, though it was not recorded. City of Birmingham v. Graham, 202 Ala. 202, 79 So. 574. The map was so identified as to be competent evidence, with the conveyance; that is, the other evidence that it was delivered with the deed.

The pertinent inquiry of fact is, has the chain of title by which the plaintiff sought to connect himself to the government failed, by reason of nonpayment of the taxes, and sale of the lands therefor, during the years 1910 and 1911, and the possession of the land by a purchaser at such sale? It will be noted that plaintiff takes title through a warranty deed executed by H. A. Powell et al. The short statute of limitations was considered on former appeal. Williams v. Oates, 209 Ala. 683, 96 So. 880; Howard v. Tollett, 202 Ala. 11, 79 So. 309; Code 1907, § 2311. The lands sued for were duly assessed for 1910 taxes to Farmer, Powell, and Oates, and sold for nonpayment of the taxes to W. A. Brown, July 8, 1911; and the latter, on July 15, 1913, transferred, in writing, his interest under the tax sale to H. A. Powell, pursuant to the statute. Section 2289, Code 1907. The date of this payment by Powell is susceptible of different inference by the jury. Brown testified that Powell "paid" him, and that he transferred his certificate of purchase at tax sale. The date of that transfer was July 15, 1913, after the termination of the joint ownership of Powell, Farmer, and Oates in the lands. Brown further testified that this was the date of the payment of the taxes, etc., by

212 Ala.—26

Powell. The lands were again assessed to Powell, Farmer, and Oates for the year 1911, and no sale was made for default in payment under said agreement. It is without dispute in the evidence that Farmer, Powell, and Oates divided their lands, each receiving a conveyance to his moiety, and that on December 18, 1913, these and other lands were deeded to Powell by the judge of probate, pursuant to the purchase by W. A. Brown at the tax sale made July 8, 1911.

[18, 19] As to the payment (or the date thereof) of these and other taxes adverse inference might be drawn from the evidence. Powell says that he paid all the state and county taxes on this land for the year 1911; that he was given a receipt therefor, and that he did not know where such receipt was; that he had made a due and fruitless search therefor, and that it was among his papers in 1913 to 1919, during which latter year he moved to Florida and destroyed all useless papers, and that the receipt was lost or destroyed "in moving." In response to the question, "To whom did you pay these taxes?" Powell replied, "I paid the taxes on this land for the year 1911 to Mr. Smith Hall, who was then the tax collector" of Houston county, Ala. If he paid the taxes at that time, there was the relation of joint tenancy between Farmer, Powell, and Oates as to the quarter section in question, embracing the lands for which this suit is brought. And the payment of taxes by one tenant was in law a payment by and for the benefit of the other joint owners. The transfer by Brown of his certificate to Powell, and the deed pursuant thereto, must relate to the tax sale and be governed by the relations of the parties in interest as of the date of the tax sale. The taxes to state and county were paid by the sale of the owners' property. There is no plea of the short statute of limitations by Brown.

[20] The foregoing testimony, and other evidence to be noted, afforded a basis for the inference that might have been drawn by the jury that the payment of all state and county taxes was made by the owners to and including 1911, and in that year. This is supported by admissions contained in the testimony of Smith Hall as follows:

"As tax collector, the tax receipt books for 1911 were in my custody. The C. E. Sellers taxes for 1911 have never been paid. The land involved in this suit was sold under that assessment for 1910 and 1911. The record of the sale is on these books here, already introduced in evidence. There was an assessment of the land involved in this suit against Farmer, Powell and Oates for the year 1910; but those taxes have never been paid except by sale of the land. W. A. Brown bought the land under the Farmer, Powell and Oates assessment. The land was assessed to Farmer, Powell and Oates for 1911. I tore the receipt for 1911 taxes out of the tax receipt book, and my recollection is that I took that receipt to B. G. Farmer's office

to collect the taxes and he refused to pay them. I presented the receipt to B. G. Farmer along in June, 1912. At that time the taxes for 1911 under the Farmer, Powell and Oates assessment had not been paid, and B. G. Farmer refused to pay it. I have no recollection of H. A. Powell ever paying those taxes. I don't remember ever presenting the receipt for payment to anybody after I presented it to Mr. Farmer. After I presented the receipt to Mr. Farmer and he refused to pay it, I brought the receipt back to my office. I was tax collector of Houston county twelve years. I was first tax collector for the year 1909. I collected taxes from 4,000 to 5,000 people every year. The poll tax would bring it up to 6,000 or 7,000. I don't try to remember any particular assessment. I have no recollection of Powell ever paying these taxes. If he paid them. I don't recollect it. I don't tell the jury that he didn't pay them. * * * I made out a delinquent book for 1911, and you have the book there. It is a fact that the assessment against Farmer, Powell and Oates does not appear as delinquent. I know the plaintiff in this case. It seems like I remember Mr. Oates and Mr. Powell coming to see me in February or March, 1913. I don't remember that they asked me about the taxes on this land, and I don't remember that I told them that all the taxes had been paid on this land up to that time. * * * I know R. G. Crawford. I don't remember having a conversation with him about September 1st this year. I don't remember telling him that, in my best judgment, the taxes on the land involved in this suit had been paid."

That of the witness Crawford as follows:

"I know Smith Hall. About September 1st this year he told me that in his best judgment the taxes on the land involved in this suit had been paid."

And the plaintiff's testimony:

"I know Smith Hall. In February or March, 1913, H. A. Powell and I went to his office and had a conversation with him. He said in that conversation, after looking at his books, that the taxes on the land involved in this suit had been paid. * * * On the former trial of this case I testified that I had not paid the taxes on the land involved in this suit for the years of 1910 and 1911."

In McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135, the giving and refusing of the general affirmative charge was discussed, and the authorities collected. There was no error in refusing the affirmative instruction requested by defendants.

[21] The exceptions to the short statute of limitations (section 2311 of the Code of 1907) are to the effect that its provisions do not apply (1) where the owner of real estate sold for taxes has paid the taxes for which the real estate was sold, prior to such sale; and (2) "to cases in which the real estate sold was not, at the time of the assessment, or of the sale, subject to taxation." And under the new statute (Code 1923, § 3107, not applicable to this case) it shall not "apply to void sales."

Adverting to appellants' claim, stated at the outset from brief of their counsel, it is based upon an assessment of the land for 1910 and 1911. a sale had on July 8, 1912, and a deed (dated July 9, 1914) purporting to convey to the purchasers, Carmichael & Cummings, "all the right, title, and interest of the said C. E. Sellers, owner aforesaid of said land, and all the right, title, interest, and claim of the state and county on account of said taxes or under said decree" (of June 6, 1912) in and to these lands.

At the time of the assessment to Sellers and the decree and sale said Sellers had no interest in the land. His duly recorded mortgage, of date April 11, 1894, had been foreclosed (November 30, 1908), and Oates had become the purchaser. No redemption therefrom is shown to have been made, and the time therefor had expired before said tax decree and sale thereunder. Moreover, the sheriff's deed, dated August 16, 1897, duly recorded, showed the title was not in Sellers at such time of assessment, sale, etc., to Carmichael & Cummings. We have seen that the lands for the years 1910–11 were assessed for taxes to Farmer, Powell and Oates. For the same time, and, no doubt, out of precaution on the part of the tax authorities, the lands were assessed to the former mortgagor and defendant in execution, Sellers, and the sale for the 1911 taxes made, at which Carmichael & Cummings became the purchasers. At the time of the assessment and sale (for 1910–11 taxes, July 6, 1912) of the lands, they were not subject to taxation as the property of Sellers; that is, if the testimony of Powell is to be believed, and under inferences which may be drawn by the jury from the tax register and a phase of the testimony of the witness Hall.

[22] There was no error in giving, at the request of plaintiff, written charge denominated A, as follows:

"The court charges the jury that, if they are reasonably satisfied from the evidence that Mr. H. A. Powell paid the taxes for the year 1911, assessed against his property in the name of Farmer, Powell and Oates, and that such payment of such taxes was made before June 6th, 1912, then their verdict should be for the plaintiff."

—and in refusing defendants' charge, which we have numbered 6, as follows:

"The court charges the jury that as matter of law the land involved in this suit was subject to taxes at the time it was assessed for taxes for the years 1910 and 1911 against C. E. Sellers; and that said land was subject to taxes on June 6, 1912, when Carmichael & Cummings bought same at tax sale under said assessment against said Sellers."

[23] Defendants' refused charge 10 was covered by the oral and given instructions.

[24] The following question was sought to be propounded to the witness Carmichael: "What did he say to you at that time?" and

it was indicated to the court that the witness was expected to answer "that H. A. Powell told him, in 1914, along about the time he got the deed to this land, that he had never paid the taxes on this land for 1911." This was in the nature of an impeachment of Powell's testimony, and no sufficient predicate was laid therefor. No error was committed in sustaining plaintiff's objection thereto as matter of impeachment.

We find no error in the record.

Affirmed.

ANDERSON, C. J., SOMERVILLE and BOULDIN, JJ., concur.