# Foley, *et al. v.* Brock.

*Bill for Partition.*

(Decided June 29, 1911.   56 South. 207.)

1. *Partition; Pleading; Sufficiency.*—A bill for partition of land which describes the land, states the interest of each party and al-leges that it could not be equitably divided between them, and prays for a division, states a case for relief by sale for division.

2. *Same; Incumbent Property.*—Where six tenants in common owned land over which a railroad right of way passed, and the rail-road company had not acquired the rights of two of the tenants, the land should be sold, which was not encumbered by the right of way, and the proceeds distributed, and the two tenants whose interest was not acquired by the railroad should be left to obtain such relief as they could against the railroad.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by D. P. Brock against Sam Foley and others for partition of land. From a judgment overruling a demurrer respondents appeal. Affirmed.

GASTON & PETTUS, for appellant. The bill was sub-ject to the demurrers interposed for the reason that the railroad company is a joint owner or tenant in com-mon of the land, under the averments of the bill.

SUMTER LEA, and F. D. NABORS, for appellee. The bill was sufficient under the statute.—Section 5205, Code 1907.

SAYRE, J.—This is a bill for sale for division among tenants in common. The bill is defective in respect to formalities which it would have been better to observe, but it states a case for relief. It avers that complainant and five others own the land in equal undivided parts. The further averment is that the Atlanta, Birmingham & Atlantic Railroad Company owns an easement of way across the land, "subject to the one-sixth interest" of each of two named defendants. We take this averment to mean that the railroad company has never acquired its right of way by conveyance from or condemnation proceedings against the two named tenants in common. It seems to have been for this reason that the railroad company is made a party defendant along with the five who own in common with the complainant. The defendant Foley, against whom the railroad company must be taken to have secured its right of way, alone complains on this appeal from the chancellor's decree overruling a demurrer to the bill, and the case as affecting his interest alone has been considered.

The bill or petition describes the land, shows the interest of each party, avers that the land cannot be equitably divided among the owners, and prays for a sale for division. We are of the opinion that, as for any objection here urged against the bill, it sufficiently states a case for relief by a sale for division.—*Edwards v. Edwards,* 142 Ala. 267, 39 South. 82; *Berry Lumber Co. v. Garner,* 142 Ala. 488, 38 South. 243. No reason is perceived why so much of the land as remains after carving out that part which is incumbered by the right of way should not be sold for division, leaving the two owners in common, as against whom the easement has not been established, to such remedy as they may have against the railroad company for the recovery of their

[Carroll v. Draughon.]

undivided interest in the land covered by the easement. In that the other cotenants have no interest.

The decree of the chancellor will be affirmed.

Affirmed.

SIMPSON, McCLELLAN and MAYFIELD, JJ., concur.