(85 South. 693)

COCHRAN et al. v. LEONARD. (7 Div. 75.)

(Supreme Court of Alabama. April 8, 1920.)

1. Tenancy in common ⬤⟞28(2)—Tenant voluntarily leaving land cannot collect rents from cotenants.

Tenants in common in possession of land will not be required to account for rents to a cotenant who has voluntarily left the premises, and from whom there was no withholding of a net excess of a proper proportion of rent collected from a stranger tenant.

2. Landlord and tenant ⬤⟞323—Where land and tools were furnished to party under agreement to divide crops, he was a laborer and not a tenant.

Where owner furnished to another stock, team, and tools wherewith to cultivate the land,

under agreement requiring each to pay half of the cost of the fertilizer and to divide the crops between them, the latter was a laborer and not a tenant, in view of Code, § 4743.

3. Tenancy in common ⬤⟞33—Promise by tenant to pay cotenant "rents" referred to rents from a stranger tenant.

Promise by tenant in common in possession of land to pay cotenant who had voluntarily withdrawn therefrom "rents" held to refer to rents collected from a stranger tenant and not to money for use of land by cotenants themselves.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rent.]

4. Appeal and error ⬤⟞1175(7) — Judgment may be rendered for appellants on reversal of judgment by court without jury.

Under Code 1907, § 2890, appellate court, in reversing judgment rendered by trial court without a jury, may render judgment for appellants instead of remanding case.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by Ada Leonard against Ludie Cochran and others for use and occupation of land. Judgment for the plaintiff, and the defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and rendered.

Hugh Reed, of Center, for appellants.

The court was in error in the judgment pronounced, under the facts developed. 115 Ala. 468, 22 South. 282; 201 Ala. 630, 79 South. 192; 200 Ala. 442, 76 South. 374; 94 Ala. 152, 10 South. 287; 73 Ala. 567; 203 Ala. 339, 83 South. 63; 67 Ala. 326; 202 Ala. 317; 80 Ala. 400.

R. F. Conner, of Center, for appellee.

The complaint was sufficient. 111 Ala. 546, 20 South. 366, 33 L. R. A. 364, 56 Am. St. Rep. 69; 119 Ala. 504, 24 South. 718. The court properly rendered judgment for the plaintiff. 80 Ala. 395; 57 Ala. 465; 115 Ala. 443, 22 South. 73; 119 Ala. 504, 24 South. 718.

McCLELLAN, J. [1] The plaintiff, appellee, sued the defendants, appellants, to recover for the use and occupation or the rent of certain farm lands. Under the evidence in this record, the plaintiff and the defendants, with another child of Mrs. (Pitts) Cochran, were tenants in common of lands for which the rent was claimed. The proof is conclusive that the plaintiff was not ousted from the joint occupancy of the premises by her and these defendants, or that she was otherwise denied the enjoyment of the common property; that the plaintiff married

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and voluntarily moved away, the defendants continuing the use and occupation of the lands during the year 1918. In these circumstances, and in the absence of a withholding from the nonoccupying cotenant by the occupying cotenant of a net excess of a proper proportion of rent collected from a stranger tenant, there is no obligation upon an occupying cotenant to account to the cotenant who has voluntarily left the premises. Newbold v. Smart, 67 Ala. 326, 331, 332; Fielder v. Childs, 73 Ala. 567, 572, 573, among others.

[2] The evidence does not show a relation of tenancy between the occupying cotenants and a stranger. One Norton worked a part of the place, the arrangement being this: That Mrs. Cochran (a defendant, mother of the plaintiff) furnished "the land, stock, team, and tools to cultivate the lands"; Norton and Mrs. Cochran were each to pay half of the cost of the fertilizer, and the crops were to be divided between Mrs. Cochran and Norton. This arrangement constituted Norton a laborer to Mrs. Cochran as hirer, not a tenant of any one. Code, § 4743 (amended in General Acts 1915, pp. 112, 113).

[3] There is no evidence in this record that either of the defendants (appellants) agreed to pay the plaintiff (appellee) rent for the joint property for the year 1918, on the theory or under an agreement that the defendants were tenants of plaintiff's undivided interest in the land. The plaintiff testified on cross-examination that "the defendants promised to pay me the rents or buy me out one. This was about a year ago." She was testifying in August, 1919, and the promise stated by the plaintiff was reasonably referable, at the earliest, to a point of time about the middle of 1918. What rents, for what year, was not stated by the witness. At best for the plaintiff, this promise, if made (both the defendants denying it was made), could only refer to "rents" collected by the defendants from a stranger tenant; there being, as stated, no evidence that these defendants rented from plaintiff her undivided interest in the land. No "rents" from a stranger tenant were contracted for or collected by either of the defendants. It results that the court below erred in rendering judgment for the plaintiff. The trial was by the court without a jury.

[4] In exercise of the authority recognized in the provisions of Code, § 2890, the judgment appealed from is reversed, and a judgment for the defendants (appellants) will be here entered; the costs in the court below and on this appeal being taxed against appellee.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.