145 So. 146

### GANTT v. GUNTER et al.
#### 4 Div. 649.

Supreme Court of Alabama.
Dec. 22, 1932.

J. L. Murphy and A. R. Powell, both of Andalusia, for appellant.

W. H. Albritton, Jr., of Andalusia, for appellees.

BOULDIN, J.

Statutory action of ejectment.

Appellant, the plaintiff below, deraigns title through a mortgage executed by defendant E. B. Gunter, to the Federal Land Bank of New Orleans.

The defense was mental incapacity of the mortgagor to make a valid mortgage by reason of insanity.

Admittedly a bona fide purchaser or mortgagee without notice of such insanity is now protected. Code, §§ 6822, 6823.

There was much conflicting evidence on the issue of insanity. Assuming this evidence made a jury question as to whether the mortgagor was insane to such extent as to render him incapable of executing a valid mortgage, does the evidence show notice to the Federal Land Bank, the mortgagee?

The effort to trace notice to the bank was directed to showing the secretary-treasurer of the local "National Farm Loan Association" knew, or had knowledge of facts which put him on inquiry as to the mortgagor's insanity.

The controlling question, therefore, is whether, in the matter of making a loan and obtaining a mortgage from the borrower, the National Farm Loan Association, or its executive officer, the secretary-treasurer, is the agent of the Federal Land Bank in such sort that notice to him of the mental status of the mortgagor is notice to the bank.

The question is one of law.

We need not go into a detailed discussion of the entire structure of the Federal Farm Loan Act (12 USCA § 641 et seq.).

The Federal Land Bank and the National Farm Loan Association are both parts of the system, but each is a distinct body corporate with prescribed powers and duties.

The members of the association are borrowers from the Federal Land Bank by mortgages on farm lands. Each member is a shareholder in the association.

A farmer desiring a loan makes application for membership in the association. The association determines in the first instance, whether the applicant is acceptable. To be acceptable he must be eligible to a loan on a mortgage of farm lands. 12 USCA §§ 741, 745.

If acceptable, the association joins in the application to the Federal Land Bank for the loan, and in connection therewith the association subscribes for stock in the bank to an amount equal to 5 per centum of the loan, which stock shall stand as collateral security for the loan. 12 USCA § 721.

In other ways the association is empowered to stand sponsor for the member it has recommended to the bank. 12 USCA § 761.

When the loan is effected the borrower becomes a shareholder in the association, and the association a shareholder in the bank. 12 USCA §§ 733, 721.

Thereafter, the secretary-treasurer of the association, who need not be a member, becomes the law appointed agent to receive and pay over monies going from the bank to the borrower, or from the borrower to the bank. 12 USCA § 714.

This is sufficient to clearly demonstrate that in the matter of passing upon the fitness of the applicant for membership, mental or otherwise, and his consequent right to a loan, neither the association nor its executive officer, the secretary-treasurer, is an agent of the bank. To the contrary the association is an actor with and for the applicant as defined by law. The bank at New Orleans finally determines whether the loan shall be made.

The true rule seems to be that the powers of the secretary-treasurer are of a public or quasi public character, defined by law.

The association and its secretary-treasurer have, therefore, a distinct law-made status or autonomy. Persons dealing with him are charged with knowledge of such powers. In any event we agree with other courts who, so far as we find, have uniformly held the secretary-treasurer of the association is not the agent of the bank in matters such as here presented. Bjorkstam v. Federal Land Bank,

138 Wash. 456, 244 P. 981; Byrne v. Federal Land Bank, 61 N. D. 265, 237 N. W. 797; Federal Land Bank v. Shingler, 174 Ga. 352, 162 S. E. 815, 823; Whitaker v. Fulton (Tex. Civ. App.) 17 S.W.(2d) 1079, 1082.

The case of Metropolitan Life Ins. Co. v. Guy, 223 Ala. 285, 135 So. 434, did not involve the Federal Farm Loan Act; and is not in conflict herewith.

■ If any inference can be drawn that the appraiser of the Federal Land Bank came into personal contact with the borrower, and in this way, or from general repute in the community, acquired information of the insanity of the owner, it is sufficient to say it is not within the line and scope of employment of a special agent sent out to inspect and appraise property to ascertain or report upon the mental status of the owner. There was no initial duty on the bank to have any such fact ascertained. Notice to an appraiser, if any can be reasonably inferred, could not be imputed to the bank.

■ Under the undisputed evidence the mortgage of the Federal Land Bank was a valid instrument. He who has a good title can pass a good title is a general principle, with few exceptions not here applicable, and is recognized by Code, § 6823.

The plaintiff was due the affirmative charge as requested.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.