179 So. 194

**HINDS et al. v. FEDERAL LAND BANK OF NEW ORLEANS.**

**6 Div. 242.**

Supreme Court of Alabama.

Jan. 20, 1938.

Rehearing Denied Feb. 24, 1938.

St. John & St. John, of Cullman, for appellee.

T. A. Murphree and Theodore J. Lamar, both of Birmingham, for appellants.

ANDERSON, Chief Justice.

This appeal is from an interlocutory decree sustaining the complainant's demurrers to defendants' separate answers made cross-bills as authorized by the statute, Code 1923, § 6550.

The original bill, filed by the Federal Land Bank of New Orleans, is a statutory bill to quiet title to a tract of 87 acres of land, specifically described in the bill, located in the northeast ¼ of section 6, township 10, range 2 east, Blount county, Ala., near the town of Summit.

The defendant, A. M. Hinds, Jr., answered denying that the complainant was in peaceful possession of the lands de-

scribed in the bill, and avowed title in himself to a one-half interest therein under a deed executed to him by A. M. Hinds, Sr., and wife conveying to him a one-half interest in the northeast ¼ of section 6, township 10, range 2 east, for value, on the 14th day of December, 1926, and recorded in the office of the probate judge of Blount county. This defendant prayed that upon final hearing that "the Court will not only dismiss the Complainant's Bill but will grant relief to this Cross-Complainant by decreeing that he is the holder and owner of the legal title to said one-half interest in and to the NE ¼ of Section 6, Township 10, Range 2 East, Blount County, Alabama, or so much thereof as the testimony will show he is the owner," and for general relief.

The only land within the lis pendens is the tract of 87 acres described in the bill, and the answer does not set up an independent equity, but asserts a legal title to a one-half interest therein.

 This court has repeatedly ruled that in a proceeding under the statute, Code 1923, § 9905 et seq., to quiet title to land, if the bill and answer conform to the statute, "the issues involve everything necessary to a determination by the court as to whether the complainant or the defendant has the superior title to the property." Grayson v. Muckleroy, 220 Ala. 182, 185, 124 So. 217, 220. So, also, "In a proceeding of this character it is not necessary for the complainant to prove title to all the land claimed by him, and described in the bill, in order to obtain relief. The statute contemplates the granting of relief as to such of the lands as the complainant shows title to, and when it appears that the title to a part of the land is in the complainant, while that to the remainder is in the defendant, the court should ascertain and declare these facts, and decree accordingly." Friedman & Loveman v. Shamblin, 117 Ala. 454, 457, 23 So. 821; Grayson v. Muckleroy, supra.

 It is only where the defendant seeks relief outside of the scope and purpose of the statute that he must do so by cross-bill, and then must set up an independent equity. Grayson v. Muckleroy, supra; Reeder v. Cox, 218 Ala. 182, 118 So. 338.

 Where a party can obtain all the relief to which he is entitled under his answer he cannot maintain a cross-bill. Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 61, 131 So. 223; Pritchett v. Dixon, 222 Ala. 597, 133 So. 283; McCaleb v. Worcester, 224 Ala. 360, 140 So. 595; Becker Roofing Co. v. Meharg, 223 Ala. 163, 134 So. 864.

The complainant's demurrer was therefore properly sustained to the cross-bill of the defendant, A. M. Hinds, Jr.

The defendant, Hinds, Sr., in his answer, after denying that the complainant was in the peaceful possession of the land, alleged, in his original answer, that the complainant claims title to the land under a mortgage and its foreclosure executed by said defendant to the complainant on the 1st of August, 1923, to secure a loan of money; that said defendant made written application for said loan, "in which said application the Respondent described the lands that he was willing to put up for security for said loan; that when the said mortgage was delivered to him for execution, he was informed by an agent of the Complainant, while such agent was acting within the line and scope of his employment, as such agent, that said mortgage described the lands as set out in his said application, and relying upon the assurance that only the lands as set out in said application were included in said mortgage he executed the same, *and Respondent avers that the lands described in the Bill of Complaint, as being in Section 6, Township 10, Range 2 East, Blount County, Alabama were not so described in his said application.*" (Italics supplied.) By subsequent amendment to his answer and cross-bill, he attached thereto a photostatic copy of the application and alleged that it was a true copy, and said lands described in the bill are specifically described in said application. The effect of said amendment was to negative the above-italicized averment and render them impotent as a basis of relief.

The other phase of the cross-bill seeking an accounting and damages against the complainant bank for misappropriating the money borrowed alleges that the application for said loan was made through the National Farm Loan Association of Hulaco, embodying a list of the creditors of said Hinds, Sr., with the amount of each claim to be paid with interest, and that said Farm Loan Association, after the money came into the hands for distribution, act-

*ing as the agent of the bank,* misapplied the funds, in that it paid to said creditor claimants more than they were entitled to receive and thereby exhausted the fund, in consequence of which the borrower received nothing, causing him to suffer damages, and if the amount so misapplied and the damage which the borrower suffered is ascertained and applied on the mortgage debt there was no default in the payments at the time of the foreclosure, and said foreclosure was unauthorized, wrongful, and oppressive.

It is familiar law of pleading that averment inconsistent with matters of judicial knowledge are negatived thereby and are rendered insufficient to sustain a cause of action or ground of defense. United States v. Smith, 124 U.S. 525, 531, 8 S.Ct. 595, 31 L.Ed. 534; State ex rel. Glenn v. Wilkinson, 220 Ala. 172, 124 So. 211.

It is a matter of which the courts take judicial knowledge that National Farm Loan Associations, organized under the Federal Farm Loan Act of Congress, have a separate, corporate entity from federal land banks; that they are an association of the borrowers, each borrower becoming a shareholder therein, and when funds constituting a loan reach the hands of the association the law confers on the association and its officers the duty of applying the funds to claims as authorized by the application, and, in doing so the association and its officers do not act as the agent of the bank. 12 U.S.C.A. §§ 720, 721; Federal Land Bank of Columbia, South Carolina v. Gaines, 290 U.S. 247, 54 S.Ct. 168, 78 L.Ed. 298; Gantt v. Gunter, 225 Ala. 679, 145 So. 146; Hooper v. Federal Land Bank of Columbia, 178 Ga. 571, 173 S.E. 415.

If the fund constituting the loan was misapplied after it came into the hands of the Federal Farm Loan Association, the remedy of the borrower is against said association, its secretary, or the creditor who received more than he was entitled to be paid.

.The court therefore did not err in sustaining the demurrers to said cross-bills of Hinds, Sr.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.