185 So. 419

### ARLEDGE v. CHILTON COUNTY.

#### 5 Div. 288.

Supreme Court of Alabama.

Dec. 1, 1938.

Rehearing Denied Jan. 12, 1939.

J. B. Atkinson, of Clanton, and Thomas & Thomas, of Montgomery, for appellant.

98

Reynolds & Reynolds, of Clanton, for appellee.

BROWN, Justice.

The appeal is prosecuted by Thomas J. Arledge, individually and as Road Supervisor of Chilton County, from an interlocutory decree of the Circuit Court, sustaining the demurrer of the cross-defendants to his statutory cross-bill.

The original bill filed by the County of Chilton against Arledge and others alleges: "that heretofore and on, to-wit, April 7, 1938, unprecedented rains destroyed and damaged, to-wit, one hundred (100) bridges of various sizes on the public roads in Chilton County, rendering them impassable and the Court of County Commissioners of Chilton County decided that the public good required that said bridges be repaired and rebuilt, with as little delay as possible so that travel on said bridges may be as safe and convenient as practical and thereupon Chilton County through its Court of County Commissioners entered into contract with various persons for the rebuilding and repair of many of such bridges; said contracts so entered into provided among other things that the material, lumber, equipment, tools and supplies so owned and in possession of Chilton County should be used in the rebuilding and repairing of said bridges.

"That Chilton County by and through its Court of County Commissioners entered into contract with various persons for the operation of each of said nine (9) units of machinery, namely, the tractors, patrols and graders and the trucks, said contracts among other things provided that Chilton County should furnish said tractors, graders, patrols and trucks to the persons with whom they contracted with, that said machinery and equipment should be used in the improvement, repair and maintenance of the public roads of the County, and not otherwise."

Arledge and others acting under his instructions "have *illegally assumed dominion and control* of the road machinery, equipment material, trucks, supplies and other property of Chilton County and the said Thomas J. Arledge, or other persons acting under authority of said Thomas J. Arledge, whose names and identity are unknown to the complainant in this cause has removed or caused to be removed lumber, material and supplies from the sites where the bridges are to be repaired and rebuilt under the contract as hereinabove averred; that the said Thomas J. Arledge or other persons whose names and identity are unknown and who are acting under authority and instructions from said Thomas J. Arledge have guarded lumber, material and supplies belonging to Chilton County and which was purchased by the County to be used in rebuilding and repairing of said bridges, under contract as hereinabove averred, and have refused to permit the removal of such lumber, materials and supplies to the sites where the same is to be used as aforesaid; that the said Thomas J. Arledge, his servants, agents or employees have interfered with the operation of said tractors, graders and patrols and have prevented their use in the building, maintenance and repair of the public roads of Chilton County by locking the same and have removed vital parts therefrom and have otherwise unlawfully and illegally obstructed and hindered Chilton County and its contractors from rebuilding, repairing and constructing the roads and bridges of Chilton County, as aforesaid." (Italics supplied.)

The bill prays that the defendants "be enjoined and required to discontinue the assumption of dominion and control of the road machines, equipment, materials, trucks, supplies and other property of Chilton County used in the construction, main-

tenance, building and repair of the roads and bridges of such County * * * and also from removing lumber, materials, and supplies from the sites where bridges are to be rebuilt and repaired under contracts with Chilton County * * * and from interfering with the operation of tractors, graders, patrols and trucks of Chilton County which are used and to be used in the building, maintenance and repairing of public roads and bridges of Chilton County."

Upon the filing and presentation of the bill, verified by affidavit, to the Circuit Judge, he ordered the issuance of a temporary injunction as prayed, and the defendant without testing the equity of the bill or the propriety of granting the injunction, by motion to dissolve for want of equity, or on the averments and denials of the answer, filed an answer, which he prayed to be taken and considered as a cross-bill, alleging that the acts charged against him and his assistants and employees, were not done illegally, as alleged in the bill, but in the execution of the powers of his office, as "Road Supervisor of Chilton County, Alabama," created, and defined by Local Acts, No. 3, approved March 10, 1936, entitled:

"An Act To further provide for the control, making, maintenance, building and improvement of the public roads and bridges of Chilton County, Alabama; to create the office of road supervisor for said County; to provide for his election or appointment, discharge and removal; to provide for his appointment in the event the Court of County Commissioners fail to elect; to fix his qualifications and prescribed his duties, power and authority; to provide for the manner of allowance and payment of claims against the County approved by him; to fix his compensation and expenses and manner of payment; to fix his bond and to provide for the approval of same and for the payment of the premium thereon by the County, to provide when this Act shall take effect; to provide that any section or provision of this Act being held invalid shall not effect the validity of any other section or provision; and the repeal of all laws or parts of laws in conflict with the provision of this Act, insofar as they apply to Chilton County, Alabama." Local Acts 1936, Special Session, p. 4.

Also alleging that the Judge of Probate and the Commissioners, constituting the Court of County Commissioners of the County, brought in as defendants to the statutory cross-bill, were proceeding contrary to the provisions of said Act in making contracts for the repair and maintenance of the roads and bridges of said County, and in the purchase of machinery, supplies and materials for such work, and prayed that they be enjoined and restrained from making such contracts, and purchases and from interfering with cross-complainant's custody and use of the property in the performance of his duties, as such Road Supervisor.

The questions arising on this appeal aptly illustrate the basis for the well established rule that where a defendant to a bill in equity can obtain all the relief to which he is entitled on his answer he can not maintain a cross-bill. Hinds et al. v. Federal Land Bank of New Orleans, 235 Ala. 360, 179 So. 194; Gilman, Sons & Co. v. New Orleans & Selma Railroad Company, 72 Ala. 566.

By motion to dissolve on the coming in of the answer showing that appellant Arledge was proceeding in the performance of his statutory powers and duties under the local law, he could have obtained all the relief to which he was entitled—a judicial ascertainment and declaration of his rights and powers as such Road Supervisor. Code 1923, § 8311; Holcomb et al. v. Forsyth, 216 Ala. 486, 113 So. 516.

To have issued an injunction as prayed in the cross-bill, in the face of the pending temporary injunction, would have been inconsistent and incongruous, creating an unseemly situation in judicial procedure.

The office of County Commissioner, and the Court of County Commissioners, are creatures of the Legislature, and the limitation of the powers of such officer and Court is within the competence of the Legislature. If the Judge of Probate, the Commissioners, or the Court of County Commissioners, in the exercise of ministerial powers as agents of the County, exceed the limits of their powers, their acts are void. Poyner et al. v. Whiddon et al., 234 Ala. 168, 174 So. 507.

Such acts can not be made the basis of legal liability of the County, and in a proper proceeding by a taxpayer may be annulled. Poyner et al. v. Whiddon et al., supra.

The appellant, Arledge, is not shown to be such a taxpayer, therefore he was not entitled to intervene and question the validity of the acts of the Court of

County Commissioners alleged to be in violation of said local law.

The appellant having been brought into the case as an individual, his right of appeal would not be affected by his resignation as an officer, a fact which is not pleaded and of which courts will not take judicial knowledge in the absence of provisions in the statute for record or such resignation in the archives of the state. The motion of appellee, therefore, to dismiss the appeal is due to be overruled, but for reasons stated the decree appealed from will be affirmed.

The amendment filed by appellee after the decree from which the appeal was prosecuted was improperly embodied in the record. It added nothing to the force of the original bill and shows, if its averments are true, as to the matters set up therein, the complainant has an adequate remedy at law. The cost of embodying the amendment is taxed against the appellee, Chilton County. The other costs of the appeal are taxed against appellant.

Motions overruled.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.