192 So. 282

**THOMPSON v. HEITER et al.**

**I Div. 994.**

Supreme Court of Alabama.

Nov. 23, 1939.

Wm. M. Bekurs, of Mobile, for appellant.

Wm. H. Cowan and J. Gordon Bennett, both of Mobile, for appellees.

550

FOSTER, Justice.

A bill in equity was filed in this case for the sale of six parcels of property in Mobile for division among the tenants in common. It alleges, as amended, that complainant and respondents Edward Moneagle, Daniel P. Moneagle and James Moneagle each own an one-sixth interest in all said property: that Annie Erichsen died leaving respondents Julius Erichsen, Helen Erichsen and Willie Mae Weir as her sole heirs at law, and each own an one-eighteenth interest; that respondent Margaret Thompson claims an one-sixth interest in it all, and that she is a tenant in common with the others in it,—all except that parcel described as being on Broad Street; that respondent Mike P. McDonald claims her interest in that parcel under a sheriff's deed, which is specifically described; that Mike P. McDonald also holds four judgments against Margaret Thompson unsatisfied· on the record, and appear to be a lien on her property: that respondent Pate has two judgments against her which are not satisfied on the record, and appear to be a lien on her property. The further allegations of the bill do not need recital for present purposes.

Margaret Thompson demurred to the bill for want of equity and for multifariousness. The demurrer was overruled. She assigns that decree as error. She then filed an answer which merely in general terms denied all the allegations of the bill. She alone appeals, so that it is not necessary to recite the status of the pleading as to other respondents, except to say that Mike P. McDonald filed answer claiming the lien of his judgments and the interest of Margaret Thompson to the Broad Street property under his execution sale.

Under evidence taken the court granted relief and decreed that the parties owned the property as tenants in common; that complainant and Edward Moneagle, Daniel Moneagle, each own an one-fifth interest in all the property; that Julius Erichsen, Helen Erichsen, Willie Mae Weir, each own an one-fifteenth interest; that Margaret Thompson owns an one-fifth interest in it all, except the Broad Street parcel, which interest of hers has been acquired by Mike P. McDonald under the sheriff's deed heretofore mentioned. No provision was made as to the alleged judgments in his favor remaining unsatisfied, nor of the judgments of respondent Pate.

Margaret Thompson also assigns as error the final decree of the court. No other parties have assigned errors.

■ There is of course equity in a bill which seeks a sale of the land of tenants in common for division under section 9331, Code. If there is any defect in pleading, the demurrer must be directed specially to it.

■ The bill is not multifarious because it shows that McDonald claims the share of one of the original tenants in common under a sheriff's sale. In such a suit, the statute, section 9334, Code, provides for the trial of all adverse claims of title either between the original tenants in common or others claiming the interest of one of the cotenants in the land or in a part of it. Thomas v. Skeggs, 218 Ala. 562, 119 So. 610; Leddon v. Strickland, 218 Ala. 436, 118 So. 651. See Gore v. Dickinson, 98 Ala. 363, 11 So. 743, 39 Am.St. Rep. 67.

The contention is also made by appellant that though the allegations of the bill are denied, there is no proof of the interest of the several parties in the property. But the cross-examination of J. G. Bennett shows that the bill does ·correctly state the interest of each except as respects the rights of McDonald as an execution purchaser.

■ There is an apparent inconsistency in the decree in failing to show that James Moneagle has an one-sixth interest. The fore part of the decree lists him as a cotenant, but in setting out the interest of each he is not named. That omission caused an error in fixing the proportionate interest of the others. So that accórding to the evidence complainant and Edward Moneagle, Dàniel P. Moneagle and James Moneagle own an one-sixth interest instead of an one-fifth, and Julius Erichsen, Helen Erichsen and Willie Mae Weir own one-eighteenth instead of an one-fifteenth. And Margaret Thompson owns an one-sixth interest instead of one-fifth, subject to the rights of the heirs of Mike P. McDonald made parties to this appeal because of his death pending appeal. Their claim relates to the interest of Margaret Thompson in the Broad Street property described as parcel 4 in the bill.

The decree adjudged as to said parcel that it belonged to McDonald under a sheriff's deed to him of her interest. She complains that there was error in this re-

spect because there was no sufficient evidence to sustain the sheriff's deed; that there was no evidence of a judgment on which to base the issuance of the execution.

■ In this connection, appellant recognizes the rule of the statute, section 7706, Code, whereby the recitals of the sheriff's deed of a judgment, an execution, levy and sale thereunder, shall be prima facie evidence thereof. Williams v. Oates, 212 Ala. 396, 102 So. 712; Bonner v. Lockhart, 236 Ala. 171, 181 So. 767. The statute was overlooked in Warren v. Jones, 219 Ala. 213, 121 So. 519.

■ We repeat the often stated principle that in the absence of a statute giving evidentiary value to the recitals of such a deed, it is not evidence of the judgment and execution. Carl v. State, 125 Ala. 89, 28 So. 505; Carrington v. Richardson, 79 Ala. 101; Gordon v. Bell, 50 Ala. 213; Avers v. Roper, 111 Ala. 651, 20 So. 460; Carter v. Smith, 142 Ala. 414, 38 So. 184, 110 Am.St. Rep. 36. See the discussion in Grayson v. Schwab, 235 Ala. 398, page 403, 179 So. 377.

■ The deed in evidence recites the issuance of execution and levy and sale, at public outcry after giving notice, but does not recite the existence of a judgment. The attorney for McDonald plaintiff testified that he was such attorney in the several cases and stated the details of the date and amount of the several judgments. But there was no record evidence of the judgments and objection was made because there were no such records introduced. Notwithstanding section 6565, Code, objection has been held to be necessary under such circumstances. Hill v. Hill, 216 Ala. 435, 113 So. 306; Louisiana State Life Ins. Co. v. Phillips, 223 Ala. 5, 135 So. 841. But the objection was made pursuant to such requirement.

■ We see no reason why the decree of the court is not erroneous in the light of these principles to that extent. Schwab v. Powers, 228 Ala. 205, 153 So. 423.

So that as we view the situation, there was error in the decree fixing the proportionate interest of the tenants in common, and in giving force to the sheriff's deed in the absence of legal evidence of the existence of the judgment on which execution is recited to have been issued. Therefore there was error in adjudging that Mc-

Donald acquired the interest of Margaret Thompson in the Broad Street property, described as parcel 4 in the bill.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.