19 So.2d 397

**TURNER v. JOHNSON.**

6 Div. 218.

Supreme Court of Alabama.

Oct. 11, 1944.

Hayden & Hayden, of Birmingham, for appellant.

Jackson, Rives & Pettus, of Birmingham, for appellee.

SIMPSON, Justice.

Bill by Bertha Johnson, appellee, against Estella Turner, appellant, and others to sell land for division among joint owners and for an accounting by appellant of rents and profits collected from the common property.

The bill contained equity so the general demurrer thereto was correctly overruled. Alabama & Southern Digest Equity, ☞232, 233.

The testimony was ore tenus and, after a full and considerate hearing, the trial court adjudicated the respective ownerships in the property, stated an account between the joint owners, and ordered a sale for division of proceeds. Under the presumption of verity appertaining in such cases [Lewis v. Wilkinson, 237 Ala. 197 (3), 186 So. 150(3)] this court is not disposed to disturb the trial court's conclusions of fact under the conflicting evidence as, that Bertha Johnson was an heir of Joe Ayers (a deceased predecessor in title), the necessity of a sale for division because of the inequableness of a partition in kind, and the amounts due each other by the respective joint owners. The evidence on these issues was conflicting and this court is not as well advantaged to appraise it as the trial court who saw and heard the witnesses testify. Careful study of the entire record convinces us that the trial court concluded correctly on these disputed issues and dealt fairly and equitably toward all parties.

Appellant contends that it was error to charge her either with rents collected or for a reasonable rental of the premises occupied by herself.

The principle controlling as to rents collected is: Tenants in common in possession of land will not be required to account for rents to a cotenant who has voluntarily left the premises, and from whom there was no withholding of a net excess of a proper proportion of rent collected from a stranger tenant. Cochran v. Leonard, 204 Ala. 163, 85 So. 693.

The rule of liability for an accounting for use or rent for occupancy of the joint property by a cotenant is that, in absence of an agreement to pay rent to the other cotenants, mere occupancy of the premises owned in common, by one of the tenants in common, does not result in a liability to the other cotenants to account or for use and occupation of the estate. Cochran v. Leonard, supra; Phillips v. Smith, 214 Ala. 382, 107 So. 841; Newbold v. Smart, 67 Ala. 326, 331.

The protecting scope of these legal principles is without application to benefit appellant however because, under certain of the evidence adduced, she was proven to have agreed to account to the other joint owners for all rents collected and to pay rent for the premises she occupied. In these circumstances she, as cotenant, was liable to account to the others, as decreed by the trial court. Cochran case, supra.

There was no impropriety in ordering a resale of the property and in modifying the original decree by recomputing the items of the account. In the second decree it is clearly pointed out that "through inadvertence" certain charges against appellant were omitted in stating the account originally, which gave her "an improper advantage at the sale of the property" over the other "parties interested." It was but fair and equitable that the account be so corrected and a resale ordered to the end that all parties have a fair and equal chance in the bidding, and the action of the trial court in this regard must also be affirmed.

The whole case considered, we discover no error and the decree is affirmed.

Affirmed.

THOMAS, BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.