22 So.2d 609

### BURK v. BURK.

7 Div. 832.

Supreme Court of Alabama.

June 21, 1945.

Rains & Rains, of Gadsden, for appellant.

Reed & Reed, of Centre, for appellee.

**GARDNER, Chief Justice.**

A bill of complaint was filed by C. A. Burk and others seeking the sale of certain lands in Cherokee County for division among tenants in common. The bill sought a sale of the lands in separate parcels, with a special prayer that if the sale be confirmed before the maturity of the rents for the current year, the purchaser shall be entitled to the accruing rents. The decree of sale was duly entered, and this provision as to the rents to become due was made a part thereof. The deed executed in conformity with the decree of confirmation likewise made such provision as to the rents.

The sale for division was among the heirs of one John M. Burk, deceased, and one of the defendants was A. W. Burk, a son. Another son, C. A. Burk (complainant in the original bill and petitioner here), became the purchaser. There were some four or five tenants cultivating different tracts of the land purchased by C. A. Burk, among them Clarence Burk, another brother, and defendant A. W. Burk. Each of these tenants paid the rent as it became due, with the exception of A. W. Burk, who declined to pay. Thereupon, the purchaser, C. A. Burk, filed his petition seeking an order enforcing the decree by attachment writ, of which A. W. Burk had notice and duly answered. These proceedings were authorized by the statute (Title 7, Sec. 330 et seq., Code 1940) as well as by the general rules of law concerning the power of the court to enforce its own decrees. 8 Ala.Dig., Equity ☞437 et seq., p. 621 et seq.; 19 Am.Jur. p. 289.

It is, of course, a well-recognized principle that in the absence of any agreement to compensate his co-tenants, a co-tenant who has entered upon the common property without excluding the others or interfering with their rights is under no obligation to account to them for any profits that he may have made. 14 Am.Jur. p. 102; Turner v. Johnson, 246 Ala. 114, 19 So.2d 397.

It is equally well-settled, however, that such tenant in common may enter into an agreement by which he becomes a tenant of the others and is responsible for rent. Long v. Grant, 163 Ala. 507, 50 So. 914, 136 Am. St.Rep. 86.

It was upon this issue of fact that much evidence was taken. The record has been read with care, and no good purpose would be subserved by its discussion here. The trial judge reached the conclusion that the complainant was entitled to recover from the defendant as rents the sum of $177.50, and ordered the attached personal property be sold for the satisfaction thereof. Upon due consideration we are not persuaded his decree should be here disturbed. It is accordingly affirmed.

This conclusion renders unnecessary a consideration of appellee's motion for affirmance for non-compliance with Supreme Court Rule 32, Code 1940, Tit. 7 Appendix, as well as the further suggestion to like effect for a non-compliance with Supreme Court Rule 10.

Affirmed.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.