68 So.2d 40

## HARVEY et al. v. KIRBY.

### 6 Div. 575.

Supreme Court of Alabama.

Nov. 5, 1953.

Johnson & Randall, Oneonta, for appellants.

Nash, Nash & Starnes, Oneonta, for appellee.

STAKELY, Justice.

This is an action brought by Lelias E. Kirby in the Circuit Court of Blount County, Alabama, in Equity, against J. J. Killough, J. M. Atkinson, Elmer Atkinson, J. B. Harvey and Ann C. Harvey. The appeal here is from the ruling of the court sustaining the demurrer of Lelias E. Kirby to the cross-bill of J. B. Harvey and Ann C. Harvey (appellants). J. B. Harvey and Ann C. Harvey originally filed a joint answer, which they prayed to be taken as a cross-bill. By amendments separately filed, they made separate answer and cross-bill. Since the court sustained demurrers as though there was a joint cross-bill, we think it will simplify matters, if we describe and treat the pleading as a joint answer and cross-bill.

The purpose of the original bill appears to be the foreclosure of a mortgage alleged to have been given by J. J. Killough to Lelias E. Kirby (appellee) and also to clear title and settle all the equities of the alleged claimants of the real estate embraced in in the mortgage.

The mortgage from J. J. Killough to Lelias E. Kirby is dated November 4, 1944 and was recorded on November 10, 1944 in the office of the Judge of Probate of Blount County, Alabama. This mortgage covered the following described real estate towit:

"The South Half of the Northwest Quarter of Section 18, Township 14, Range 2 East, located in Blount County, Alabama."

The allegations of the original bill show that the aforesaid mortgage was for the purchase price of the lands described therein.

The original bill further alleges that J. J. Killough sold and conveyed the aforesaid property to respondents J. M. Atkinson and Elmer Atkinson and that a part of the consideration for this conveyance was the assumption of the mortgage executed by J. J. Killough to your complainant. A copy of the deed is attached to the bill of complaint, marked as an exhibit thereto and made a part thereof. The original bill further alleges that on towit August 1, 1946, J. M. Atkinson and Elmer Atkinson executed to J. B. Harvey a mortgage on the aforesaid property to secure an indebtedness of $2,458.40. The original bill further alleges that this mortgage is inferior to that certain mortgage executed by J. J. Killough

to Lelias E. Kirby, hereinabove referred to. Copy of the mortgage executed by J. M. Atkinson and Elmer Atkinson to J. B. Harvey is attached to the bill of complaint as an exhibit and made a part thereof. The allegations of the original bill further show that on towit March 18, 1948, J. M. Atkinson and Elmer Atkinson executed to C. B. Harvey, as guardian for Ann C. Harvey, a mortgage on the aforedescribed property, which mortgage is inferior and subordinate to the mortgage made by J. J. Killough to the complainant Lelias E. Kirby.

The allegations of the original bill further show that default has been made in the mortgage made by J. J. Killough to the complainant Lelias E. Kirby and that the complainant under the provisions of the mortgage has elected to declare the entire indebtedness secured by the mortgage due and payable and is entitled to have the mortgage foreclosed by a sale under a decree of the court of the property embraced and described in the mortgage. It is further alleged that under the provisions of the mortgage in the event it is necessary to employ an attorney to foreclose the mortgage, the mortgagor agrees to pay a reasonable attorney's fee for such services and that the complainant has employed an attorney to foreclose the mortgage and has incurred such expense and is entitled to a reasonable attorney's fee under the circumstances.

The answer of J. B. Harvey and Ann C. Harvey, which they pray to be taken as a cross-bill so far as pertinent to the matters which must be determined on this appeal, admits that J. M. Atkinson and Elmer Atkinson executed the mortgage on the aforesaid land to J. B. Harvey to secure an indebtedness of $2,458.40 on or about August 1, 1946. It is denied, however, that this mortgage is inferior to the alleged mortgage held by the complainant. They further admit that J. M. Atkinson and Elmer Atkinson executed a mortgage on the aforesaid land to C. B. Harvey, as guardian of Ann C. Harvey, on or about the 18th day of March, 1948, to secure an indebtedness of $4,543.50. Copies of the mortgages here referred to are attached to the original bill

as exhibits and made a part thereof. It is further alleged in the cross-bill that at the time of the execution of the mortgage to J. B. Harvey he had no notice or knowledge of the complainant's alleged mortgage on said land either actual or constructive and "that he is a bona fide mortgagee for value of said lands without notice or knowledge of complainant's alleged mortgage and that his mortgage is superior to the alleged mortgage of the complainant."

The cross-bill contains the further allegation with respect to J. B. Harvey that, "The cross-complainant further avers in the alternative with reference to the fact that he had no notice or knowledge of the complainant's said mortgage on said land that if the complainant's said mortgage had been filed for record in the probate office of Blount County, Alabama, at the time of the execution of the mortgage to cross-complainant, as above set out, the cross-complainant avers that the only notice or knowledge that he had of the existence of complainant's said alleged mortgage, was that which the law imputes to him on account of the fact that complainant's mortgage was filed for record in the probate office of Blount County, Alabama."

The cross-bill further alleges that the alleged mortgage of the complainant was never filed for record in the probate office of St. Clair County, Alabama, and that a large portion of said land, the subject matter of this suit, is located in St. Clair County, Alabama. The cross-bill then describes that portion of the land which is located in St. Clair County, Alabama.

It is further alleged that the cross-complainant J. B. Harvey is a bona fide mortgagee for value of all that portion of said lands located in St. Clair County, Alabama, without notice of the complainant's said mortgage either actual or constructive and that cross-complainant's mortgage is a superior lien on all land located in St. Clair County, Alabama, to that of the complainant's alleged mortgage.

The cross-bill prays for the foreclosure of the mortgage of the cross-complainant

and for a deficiency decree according to the terms of the mortgage.

It is further alleged in behalf of Ann C. Harvey, whose disabilities of nonage have been removed, that J. M. Atkinson and Elmer Atkinson executed a mortgage to C. B. Harvey, as her guardian, on the land described in the bill of complaint and that this mortgage was executed on the 18th day of March, 1948, to secure an indebtedness of $4,943.50. It is further alleged that at the time of the execution of the aforesaid mortgage to C. B. Harvey as her guardian, he had no notice or knowledge of the complainant's alleged mortgage on said land and neither did she have any knowledge or notice thereof, either actual or constructive, and that "she is a bona fide mortgagee for value of said lands without notice or knowledge of the complainant's alleged mortgage and that cross-complainant's said mortgage is superior to the alleged mortgage held by the complainant."

It is further alleged in the alternative that if the complainant's mortgage had been filed and recorded in the probate office of Blount County, Alabama, at the time of the execution of the mortgage to her guardian, the only notice or knowledge that she or her guardian had of the existence of said alleged mortgage was that which the law imputes to her on account of the fact that the mortgage was on record in the office of the Judge of Probate of Blount County, Alabama. It is further alleged that the alleged mortgage of the complainant was never filed for record in the office of the Judge of Probate of St. Clair County, Alabama, and that a large portion of the land, the subject matter of this suit, is located in St. Clair County, Alabama. The cross-bill thereupon describes that portion of the land embraced in the mortgage which lies in St. Clair County, Alabama.

The cross-complainant, Ann C. Harvey, avers that she is a bona fide mortgagee for value of all that portion of said land located in St. Clair County, Alabama, without notice of the complainant's said mortgage, either actual or constructive, and that her mortgage is a superior lien on all of said land located in St. Clair County, Alabama, to that of the complainant's alleged mortgage.

The cross-bill prays for a foreclosure of the mortgage held by Ann C. Harvey and for a deficiency decree.

■ I. The first assignment of error takes the position that the court committed reversible error in sustaining the demurrer to the cross-bill as amended. It is insisted that this assignment of error is too general and presents nothing for this court to review, since therewere a number of grounds of demurrer. There is no merit in this contention. Brewer v. Brewer, ante, p. 149, 66 So.2d 450; Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509.

■ II. The original bill alleges in substance that the mortgage from J. J. Killough to Lelias E. Kirby is superior to the mortgages made respectively to J. B. Harvey and to C. B. Harvey, as guardian to Ann Harvey. It is therefore argued that since the answer denies that the mortgage to the complainant is superior to the mortgages made respectively to the respondents J. B. Harvey and C. B. Harvey, full relief can be obtained under the answer and so a cross-bill cannot be maintained. Arledge v. Chilton County, 237 Ala. 96, 185 So. 419. It is enough to say that both J. B. Harvey and Ann Harvey seek affirmative relief through foreclosure of their mortgages. A cross-bill is necessary to afford such relief. Jackson v. Prestwood, 211 Ala. 585, 101 So. 185; Hawkins v. Snellings, 252 Ala. 238, 40 So.2d 704.

■ III. The decree of the court sustaining the demurrer to the cross-bill indicates that the court made this ruling on the theory that foreclosure of the mortgages held by the cross-complainants should be by action instituted in St. Clair County. This is error. The question is raised by the demurrer filed by Lelias E. Kirby to the cross-bill. It was Lelias E. Kirby who filed the original bill and made J. B. Harvey and Ann C. Harvey respondents thereto, bringing before the court by his original bill the mortgages which they seek to foreclose by cross-bill. Under the circumstances he cannot object to the foreclosure

in Blount County of the mortgages held by cross-complainants in the suit filed by him in Blount County. He cannot raise the question of venue and thus cut off a cross-bill growing out of the subject matter of his original bill. 56 Am.Jur. p. 28; 67 C.J. p. 83; Nowell v. Nowell, 255 Ala. 107, 50 So.2d 270; Equity Rule 26, Code 1940, Tit. 7 Appendix.

We do not wish to imply, however, that if the cross-bill had been instituted by J. B. Harvey and Ann C. Harvey as an original action, it could not have been filed in Blount County. In view of our holding it is not necessary to discuss such a proposition.

We conclude that the court was in error in sustaining the demurrer to the cross-bill of J. B. Harvey and Ann C. Harvey.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.