73 So.2d 751

**SHADDIX et al. v. WILSON et al.**

6 Div. 559.

Supreme Court of Alabama.

June 24, 1954.

Fred S. Weaver, Double Springs, Fite & Fite, Hamilton, for appellants.

Curtis, Maddox & Johnson, Jasper, for appellees.

LAWSON, Justice.

The appeal is from a decree overruling demurrer to a bill in equity.

Complainants in the bill are Pitt Wilson, Milan Wilson, Jack Wilson, Charline McCrary and Pete Wilson. Respondents to the bill were Andrew Shaddix, Ransey Shaddix, L. Cecil Shaddix, Jr. and Cornell Shaddix.

The bill seeks sale of land for division and an accounting.

Respondents demurred to the bill as a whole and to each of its aspects, that is, grounds of demurrer were properly addressed to the bill as a whole, other grounds were properly addressed to the aspect seeking a sale of land for division while other grounds were properly directed to the aspect seeking an accounting.

The decree of the trial court overruled the demurrer generally.

■ From the decree the respondent, Andrew Shaddix, duly perfected his appeal to this court. Notice of the appeal was not given to the other respondents as provided by Section 804, Title 7, 1940. However, before submission the remaining respondents voluntarily appeared and adopted the assignments of error of the appellant, Andrew Shaddix. The effect of this action is an unqualified appearance and a waiver of summons or other notice. Louisville & N. R. Co. v. Shikle, 206 Ala. 494, 90 So. 900.

The appeal was taken on February 27, 1953. The transcript was filed in this court on March 31, 1953, whereon the appellant, Andrew Shaddix, made 21 assignments of error. Brief on behalf of Andrew Shaddix was filed in this court on April 8, 1953. The cause was continued by orders of this court on April 21, 1953. It was on August 7, 1953, that the other respondents below, voluntarily appeared in this court and adopted the assignments of error theretofore made by Andrew Shaddix. The cause was again continued by an order of this court on December 3, 1953. On December 8, 1953, the death of Andrew Shaddix was suggested to this court and counsel for all parties by written agreement stipulated that as to the appellant Andrew Shaddix, the cause be revived in the name of his administrator, Alton Shaddix. On April 20, 1954, the order of revival was entered and the cause submitted in this court. See Cox v. Dodd, 242 Ala. 37, 4 So.2d 736.

■ We have heretofore stated that there are 21 assignments of error. But assignments of error 2, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 do not present questions for consideration here, for they raise matters upon which the trial court has not ruled. They challenge the action of the trial court in overruling the grounds of demurrer addressed separately to the two aspects. But as heretofore pointed out the decree of the trial court overruled the demurrer generally, without referring to the demurrer or grounds thereof addressed to the separate aspects. Under our holding in Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749, the effect of such a decree was a ruling only on the demurrer to the bill as a whole, and, hence only grounds going to the bill as a whole will be considered by us. See Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31.

■ Assignments of error 1, 6, 7, 20 and 21 all question the action of the trial court in overruling the demurrer to the bill as a whole. We need only consider assignment of error 1, which reads: "The court erred in overruling appellant's demurrer to the bill as a whole." Such an assignment is sufficient to warrant our treatment of each ground of demurrer addressed to the bill as a whole. It is not necessary to make a separate assignment of error as to each ground of demurrer so assigned. Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509; Brewer v. Brewer, 259 Ala. 149, 66 So.2d 450 and cases cited; Groover v. Darden, 259 Ala. 607, 68 So.2d 28; Harvey v. Kirby, 259 Ala. 614, 68 So.2d 40.

There are only two grounds of demurrer addressed to the bill as a whole, both of which are argued here. They read as follows: "1. There is no equity in the bill. (2.) The bill is multifarious in that it seeks

independent and different relief from different defendants."

■ A demurrer on the ground that "There is no equity in the bill" is merely a general demurrer. Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31. We will treat that ground first.

■ If either aspect of the bill asserts matter of equitable cognizance, though not properly pleaded, the general demurrer "There is no equity in the bill," addressed to the bill as a whole was properly overruled. Stated otherwise, if the aspect of the bill seeking a sale of land for division is good as against that ground of demurrer, then that ground addressed to the bill as a whole was overruled without error, even though the other aspect did not state a matter of equitable cognizance. Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517; Percoff v. Solomon, supra.

In Thompson v. Heiter, 238 Ala. 549, 192 So. 282, 284, we said: "There is of course equity in a bill which seeks a sale of the land of tenants in common for division under section 9331, Code [Section 186, Title 47, Code of 1940]. If there is any defect in pleading, the demurrer must be directed specially to it." See Turner v. Johnson, 246 Ala. 114, 19 So.2d 397.

The bill in the instant case alleges that the complainants and the respondents except the respondent Andrew Shaddix are joint owners of the suit property, and that the suit property "cannot be equitably divided or partitioned without a sale of same, and that it would be to the interest of all of said parties to sell the said property for the purpose of division and distribution of the proceeds therefrom."

We have said that: "In a bill of this kind good pleading requires that the interest of each alleged tenant in common should be set forth clearly. Such interest or ownership should not be left to conjecture or inference. Martin v. Cannon, 196 Ala. 151, 71 So. 996; Pollard v. Jackson, 204 Ala. 31, 85 So. 431. A bill of this kind containing confusing allegations as to ownership is subject to a demurrer taking the point. Arndt v. Sands, 247 Ala. 296, 24 So.2d 128."

Case v. Pfaffman, 253 Ala. 511, 45 So.2d 453, 454.

■ The interest of the several alleged tenants in common in the suit property is alleged in the instant bill to be as follows:

"1. Complainants own five thirty-fifths.

2. Cornell Shaddix owns twenty thirty-fifths.

3. Ransey Shaddix owns five thirty-fifths.

4. L. Cecil Shaddix, Jr. owns five thirty-fifths."

It is apparent that the averments just set out above do not spell out the respective interests of the complainants in and to their undivided five thirty-fifths interest. From aught that appears from such averments their respective interests may be different and unequal. This defect is not cured by the averments of the bill purporting to set out the source of title. Hence, a demurrer specially pointing out this defect of the aspect of the bill, presently under consideration, would have been well taken. Martin v. Cannon, 196 Ala. 151, 71 So. 996; Case v. Pfaffman, 253 Ala. 511, 45 So.2d 453.

■ But we are here concerned with the general demurrer "There is no equity in the bill." That ground of demurrer does not raise the question of insufficient averment of the respective interests of the several complainants in the suit property. The rule is stated in Williams v. Anthony, 219 Ala. 98, 121 So. 89, 90, in the following language:

"A bill for the sale of land for division is sufficient to confer jurisdiction if it makes all the tenants parties, 'shows in a way the interest of each, and which of them are infants, and states that "the property cannot be equitably divided among the several joint owners of the same."' Edwards v. Edwards, 142 Ala. 267, 278, 39 So. 82, 86; Foley v. Brock, 173 Ala. 336, 56 So. 207; Chandler v. Home Loan Co., 211 Ala. 80, 99 So. 723. *There is no*

*demurrer to the bill for the failure to state clearly and fully the interest of each of the parties.* It should make a positive statement not a probable one in this respect, but a failure at this point is not jurisdictional. It may then, in the alternative, and if mistaken as to the interest so stated, allege some other, and different, distinct interest. *But the bill is not subject to demurrer for want of equity on account of insufficient averment in this respect.*" (Emphasis supplied.)

■ A general demurrer stating that "There is no equity in the bill" does not raise the objection that the bill fails to offer to do equity. Patton v. Robison, 253 Ala. 248, 44 So.2d 254.

■ We are of the opinion that the aspect of the bill seeking sale of land for division, was not subject to demurrer for want of equity. Brewer v. Brewer, 250 Ala. 222, 34 So.2d 13. Since that aspect asserted a matter of equitable cognizance the general demurrer addressed to the bill as a whole was properly overruled. Sellers v. Valenzuela, supra.

■ The next question is whether or not the bill is multifarious. A ground of demurrer taking the point that a bill is multifarious is properly addressed to the bill as a whole. Roberts v. Roberts, 247 Ala. 302, 24 So.2d 136; Graham v. Powell, 250 Ala. 500, 35 So.2d 175; Cook v. Cook, 248 Ala. 206, 27 So.2d 255.

■ Courts have found it difficult to give any distinct definition of multifariousness, and the cases so nearly approach each other that it is difficult to distinguish them. No universal rule in regard to multifariousness can be laid down to cover all possible cases. It is largely a matter of discretion, and every case must, in a measure, be controlled by what is convenient and equitable under its own particular facts, subject to the recognized principles of equity jurisprudence. Allgood v. Bains, 247 Ala. 669, 26 So.2d 98 and cases cited. In Adams v. Jones, 68 Ala. 117, 119, it was said: "And it is always proper to exercise this discretion in such manner as to discourage future litigation about the same subject matter, and prevent a multiplicity of suits, and never so as to do plain violence to the maxim that courts of equity 'delight to do justice, and not by halves.'"

Here, the accounting was sought from the respondent, Andrew Shaddix, who according to the averments of the bill owned no interest in the suit property. It is averred, however, that Andrew Shaddix looked after the suit property as agent and without the consent of the complainants sold timber therefrom for which he received stated sums of money and never paid to complainants "Their pro-rata share of the proceeds from the sales of this timber from their lands."

The appellants argue that the trial court erred in overruling the ground of demurrer, addressed to the bill as a whole, which took the point that the bill was multifarious for the reason that the respondent Andrew Shaddix, had no interest in the aspect of the bill seeking sale of land for division and that the relief sought against him was not germane to, but inconsistent with the relief sought against the other respondents.

■ We cannot agree. It is established that it is not necessary that all parties to the bill should have an interest in all of the matters in controversy. It is sufficient if each defendant has an interest in some of the matters involved, and they are connected with the others. Allgood v. Bains, supra, and cases there cited. In the instant case, the accounting is sought in regard to matters growing out of the handling of the very property which complainants sought to have sold for division, and is in this material respect different from the bill under consideration in Ford v. Borders, 200 Ala. 70, 75 So. 398. The case of Pate v. Bruner, 243 Ala. 648, 11 So.2d 356, is not in point, as no question of multifariousness was there involved.

We are of the opinion, that neither of the grounds of demurrer addressed to the bill as a whole were well taken, and that the demurrer so addressed was overruled without error. We have heretofore pointed out

that under the holding in Rowe v. Rowe, supra, we must review the decree appealed from as overruling only the demurrer addressed to the bill as a whole.

The decree of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.