This case presents a legal question concerning real property which was sold for division.
 The plaintiff filed suit against his cotenant, asking the trial court to order that the property which the parties owned as tenants in common be sold for division. The trial court granted the requested relief, and the defendant, as the highest bidder at the register's sale, purchased the property. Thereafter, however, the trial court entered an $8,227.37 judgment in favor of the defendant on his claim against the plaintiff for unpaid rent, taxes, insurance, and the commission of waste on the property.
 The plaintiff appeals. The case has been submitted to this court solely on the plaintiff's brief, as the defendant has not favored this court with an appellee's brief. We reverse and remand.
 It is clear under the law of this state that the plaintiff cannot be liable for the defendant's claim for rent, taxes, and insurance.
 Tenants in common hold by several and distinct title but by unity of possession. Glass v. Cook, 257 Ala. 141, 57 So.2d 505
(1952). Where one cotenant is in possession of the property, he will not be liable to his cotenants for the rental value of the property unless he either has agreed to pay rent or has so excluded the other cotenants from the use and occupation of the property as to cause an ouster. Spiller v. Mackereth, 334 So.2d 859 (Ala. 1976); Fundaburk v. Cody, 261 Ala. 25, 72 So.2d 710 (1954); Turner v. Johnson, 246 Ala. 114, 19 So.2d 397 (1944).
The evidence in this case reflects that the plaintiff had neither agreed to pay the defendant rent on the subject property, *Page 306 
nor excluded the defendant from the use and occupation of the premises.
 The evidence does reflect that the defendant had leased the property for commercial purposes for approximately ten years, beginning in 1974 or 1975, and that, through assignments of that lease and changes in the ownership of the original tenant, the defendant's tenant was ultimately a corporate entity by the name of Hammonds-Hicks, Incorporated, a furniture and appliance store. It appears that its lease terminated in August 1984 and that it did not pay rent after that date, although it apparently continued to occupy the premises until its liquidation some time in 1986. It is the unpaid rent during this latter period which the defendant apparently claims is due from the plaintiff.
 The evidence is not clear as to the exact nature of the plaintiff's relationship with Hammonds-Hicks, Incorporated. It appears that he was probably a major stockholder or officer of the corporation, or both. Even such a close connection with the corporate tenant, however, is not enough to make the plaintiff personally liable for the rent, rather than the tenant itself.
 Our conclusion is the same with regard to the defendant's claim that the plaintiff is liable to him for taxes and insurance on the property. We note that the corporate tenant had been responsible under the terms of the written lease for the payment of all taxes, insurance, and maintenance costs. It had apparently stopped paying all or part of these items at some point after the termination of the lease.
 Under Alabama law, however, it does not appear that the plaintiff would personally be solely liable as a cotenant for these items unless he was in possession of the property and receiving all profits therefrom. See Fundaburk, 261 Ala. 25, 72 So.2d 710. The evidence reflects that such was not the case. It was the defendant's corporate tenant which was apparently in possession of the property.
 The defendant's claim against the plaintiff was also apparently for certain waste to the property. Neither the defendant, as indicated, nor the plaintiff presents to this court authority regarding the question of whether a cotenant may be liable for waste. Therefore, we do not specifically address this question. We do note that there was some evidence that the plaintiff may have committed waste to the property by removing shelving that had allegedly been affixed to the property. The defendant's testimony, however, was that such shelving was valued at $1,737, which is only a fraction of the $8,227.37 judgment entered against the plaintiff by the trial court.
 This case is reversed and remanded to the trial court for proceedings or for entry of a judgment not inconsistent herewith.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.