JOHNSTONE, Justice
(concurring specially).
I concur in the scholarly main opinion. I add my own observations about two other grave defects in the Montgomery County tax ordinance now before us.
First, the ordinance exceeds the authority granted the county by § 40-12-4(a), Ala.Code 1975, to levy “taxes with respect to privileges or receipts from privileges.” The ordinance purports to impose the tax “upon any Employee ... who engages in any Trade, Occupation or Profession,” even though most nonprofessional employees in the county are not exercising any privilege as recognized by law and are not earning receipts from a privilege as recognized by law. To the extent that the ordinance purports to tax thése employees, it is illegal. This illegality invalidates the entire ordinance notwithstanding the sev-erability clause of the ordinance inasmuch as the goal of taxing these nonprofessional employees is central to the whole ordinance.
“[T]he whole statute will be stricken if the valid and invalid parts are so connected and interdependent in subject-matter, meaning, and purpose that it cannot be presumed that the Legislature would have passed the one without the other, or where the striking of the invalid would cause results not contemplated *82 or intended by the lawmakers, or where that invalid is the consideration or inducement of the whole act, or where the valid parts are ineffective and unenforceable in themselves, according to the legislative intent.”
State ex rel. Crumpton v. Montgomery, 177 Ala. 212, 241, 59 So. 294, 302 (1912). Accord State v. Roden, 15 Ala.App. 385, 73 So. 657 (1916). See State v. Martin, 735 So.2d 1156 (Ala.1999).
Second, the ordinance purports to exercise police and legislative powers the Montgomery County Commission has not been granted either by the Alabama Constitution of 1901, by any statute, or by any common law principle. See Dillard v. Baldwin County, 833 So.2d 11, 16 (Ala. 2002); Jefferson County v. Johnson, 333 So.2d 143, 145 (Ala.1976); Laney v. Jefferson County, 249 Ala. 612, 614, 32 So.2d 542, 543 (1947); Arledge v. Chilton County, 237 Ala. 96, 99, 185 So. 419, 421 (1938); see also Ex parte Pine Brook Lakes, Inc., 617 So.2d 1014 (Ala.1992), and Bailey v. Shelby County, 507 So.2d 438 (Ala.1987). For example, section 11 of the ordinance purports to create crimes, even felonies, and section 7 purports to grant subpoena power to the county revenue commissioner. Such an exercise would inflict the same harm on the citizens of this state that Article IV, § 104(14), Alabama Constitution of 1901, prohibits the state legislature itself from inflicting.
SEE, J., concurs.