ROBERTSON, Presiding Judge.
Pine Brook Lakes, Inc. (Pine Brook) filed an action against Jefferson County, the Jefferson County Planning and Zoning Commission and Mr. O.C. Moon, Planning and Zoning Administrator for Jefferson County (Appellants), requesting a writ of mandamus ordering the Appellants to approve a subdivision plan for the second and third sectors of Candlewood Lakes Subdivision (Candlewood).
Following a trial on Pine Brook’s petition, the trial court issued a writ of mandamus requiring the Appellants to approve Pine Brook’s subdivision plans. Hence, this appeal.
*1013 In 1978, 150 acres of land were purchased by Pine Brook for development into a subdivision. At this time, approximately two-thirds of the property has been developed. The already-developed propérty is known as Pine Brook, sectors 1 and 2, and Candlewood, sector 1. The property involved in the proposed subdivision is Can-dlewood, sectors 2 and 3.
Preliminary plans for the second and third sectors of Candlewood were not submitted to the Appellants until March of 1990. Approval of these plans has been denied by the Appellants, in spite of the fact that the plans are in compliance with the county’s subdivision regulations.
Appellants contend that their refusal to approve the subdivision plans was based on the proposed construction of a new road which, if built, would run through the subdivision and result in the subdivision plans no longer being in compliance with the county’s subdivision regulations.
The parties to this appeal stipulated that Pine Brook had knowledge of the proposed new road as early as 1978 and, further, that the first sector of Candlewood reflected the proposed right of way on the face of the plat. It was not until 1990, when the plat for the development of Can-dlewood sectors 2 and 3 was submitted, that the county right of way did not appear on the plat. The parties also stipulated that on November 5, 1990, the county received a letter of approval for federal and state funding for the road and that the right of way acquisition process had begun.
The writ of mandamus is both drastic and extraordinary and should be granted only in cases where there is “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” C & G Dev. v. Planning Comm’n, 548 So.2d 451 (Ala.1989) (citations omitted).
A planning commission’s authority to exercise control over the subdivision of lands within a municipality comes from the legislature, and once the commission has properly drafted the ordinances regulating subdivision development, it is bound to follow its ordinances. C & G Development.
Although the record reveals that the subdivision plan submitted by Pine Brook complies with the subdivision regulations if the proposed county road is not built, the record also indicates that if the new road is built, the streets in the submitted subdivision plan would not be in conformity with the alignment of the new road.
Pursuant to the Jefferson County Subdivision, Land Development and Construction Regulations, Article 5, Section 5.30(c)5., “[wjhere a subdivision borders on or contains an existing or proposed primary arterial or expressway, the ... county engineer may require that access to such streets be limited....” In other words, the county engineer can require that a subdivision plan accommodate for a proposed road.
We recognize that “ ‘mandamus will lie to compel the approval of a subdivision plan where a council, vested with the authority to approve, gives reasons for its refusal to approve that are unrelated to the question of conformance of the plan with applicable ordinances.’ ” C & G, 548 So.2d at 453 (citation omitted).
We find that the record supports the Appellants’ argument that their denial of approval of the plan was based on their attempt to comply with the county’s subdivision regulations. Having determined that the Appellants had a lawful basis for denying Pine Brook’s subdivision plan, we hold that the trial court erred in granting Pine Brook’s petition for mandamus, and its judgment is due to be reversed. This case is reversed and remanded with directions to the trial court to vacate its issuance of the writ of mandamus.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.