Pine Brook Lakes, Inc. ("Pine Brook"), petitions this Court for a writ of certiorari to review a judgment of the Court of Civil Appeals reversing a judgment of the Circuit Court of Jefferson County that had ordered Jefferson County; the Jefferson County Planning and Zoning Commission; and O.C. Moon, land and zoning administrator of Jefferson County (all hereinafter referred to as "Jefferson County"), to approve Pine Brook's preliminary subdivision plats. We reverse and remand.
In 1978, Pine Brook purchased 150 acres of land for development into residential subdivisions. This land was subsequently divided into five tracts known as Pine Brook Sectors 1 and 2 and Candlewood Sectors 1, 2, and 3. Pine Brook submitted plats to Jefferson County, requesting its approval for the subdivision of Pine Brook Sectors 1 and 2, and Candlewood Sector 1. Jefferson County approved the three plats for development in 1978, 1982, and 1987, respectively, and those tracts have been developed.
In March 1990, Pine Brook submitted preliminary plats to Jefferson County, requesting permission to subdivide and develop Candlewood Sectors 2 and 3. Although *Page 1015 
the plats, when submitted for approval, complied with its subdivision regulations, Jefferson County refused to approve them. Jefferson County defended its rejection of the plans on the ground that the plats would not comply with regulations if a roadway, which had been envisioned since Pine Brook had purchased the property, were to be constructed across those sectors. More specifically, Timothy Westhoven, Jefferson County traffic studies engineer, in a letter to Pine Brook dated March 16, 1990, stated: "We have completed our review of the plans for the Candlewood Lakes Subdivision, Sectors 2 and 3. The engineering of the plans is acceptable in nature; however, due to planned county roadway construction, we will be unable to issue approval of these sectors."
On August 23, 1990, Pine Brook petitioned the Jefferson County Circuit Court for a writ of mandamus ordering Jefferson County to approve the preliminary subdivision plats. On January 22, 1991, the trial court granted the petition. The Court of Civil Appeals subsequently reversed the judgment of the trial court and remanded the cause with directions to the trial court to vacate its judgment. 617 So.2d 1012. We granted Pine Brook's petition for certiorari review in order to determine whether Jefferson County's explanation for its rejection of Pine Brook's plats is sufficient under our statutes and case law.
A county's authority to regulate the subdivision of private property lying within its jurisdictional boundaries is derived solely from legislative act. Cf. Smith v. City of Mobile,374 So.2d 305 (Ala. 1979); E.C. Yokely, The Law of Subdivisions, § 4 (2d ed. 1981). A county's enactment of supplementary ordinances and regulations pursuant to authority granted it by the legislature may further restrict the county regulatory authority's power. Cf. Boulder Corp. v. Vann, 345 So.2d 272
(Ala. 1977). Federal and state constitutional due process guarantees require counties to comply with all applicable statutes and regulations. Cf. Smith v. City of Mobile, supra;Boulder v. Vann, supra.
Pursuant to Act No. 581, 1947 Ala. Acts 404,codified, Ala. Code 1958, Append. §§ 944 to 969 ("the Enabling Act"), the Jefferson County Commission adopted Jefferson CountySubdivision, Land Development and Construction Regulations
(Book No. 355, 1981) ("County Regulations"). Section 956 of the Enabling Act provides:
 "The planning commission shall approve or disapprove a plat within thirty days after the submission thereof to it; otherwise such plat shall be deemed to have been approved, and a certificate to that effect shall be issued by the commission on demand. . . . The ground of disapproval of any plat shall be stated upon the records of the commission."
(Emphasis added.) The following section of the County Regulations supplements § 956, and further delineates the notification procedures to be followed:
 "2.22 Preliminary Plan. Following the pre-application conference, the subdivider shall seek approval of a preliminary plan in accordance with the following procedure:
 "1. Formal Application and Submission — The subdivider shall file a formal application for preliminary plan approval on a form supplied by the Public Works Department and shall submit therewith a preliminary plan prepared in conformance with the requirements of Article 2, Section 2.30 hereof.
 "2. Distribution of Plan — Upon receipt of the preliminary plan the staff may, at its discretion, submit copies to interested public agencies and utility companies and obtain a written report on the plan from each such agency or company.
 "3. Staff Review — The Staff of the Land Development Division of the Public Works Department shall review the plat and make recommendations to the Public Works Director/County Engineer, who shall then take action on behalf of the County Commission.
 "4. Land Development Review — The Land Development Division shall review all reports, and may make recommendations, *Page 1016 
and may consult with the subdivider or his agent before making its decision. The staff may notify the subdivider in writing of all recommendations and shall afford him an opportunity to submit an amended plan.
 "5. Amended Plan — Upon receipt of the written notice from the Land Development Division, the subdivider may submit amendments to the plan for consideration by the staff, and the staff may approve the changes on the basis of the amended plan.
 "6. Staff Action — With[in] 14 days of receipt of the preliminary plan, the staff shall take action upon it, and notify the subdivider in writing of its action. Staff action shall take one of the following forms:
 "a. Approval — The staff may approve the preliminary plan as submitted. . . .
 "b. Conditional Approval — The staff may approve the preliminary plan conditionally and require amendments to the plan before granting full approval. If the subdivider does not submit an acceptable amended plan within ninety days after submission of the original plan, the plan shall be deemed to be disapproved by the staff.
 "c. Postponement — The staff may postpone its decision pending further study of the plan, but in no event shall its decision be postponed more than thirty days after submission of the original plan.
 "d. Disapproval — The staff may disapprove a preliminary plan and shall state in writing its reasons for disapproval. The subdivider must then submit a new preliminary plan if he wishes to create the subdivision."
(Emphasis added.)
Both the Enabling Act and the County Regulations expressly require Jefferson County to provide prompt notification of disapproval of a preliminary plat. See Enabling Act § 956 (commission shall approve or disapprove a plat within 30 days); County Regulations § 2.22(6) (requires a decision and written notification within "14 days of receipt of the preliminary plan"). Notification of disapproval must be accompanied by reasons sufficiently clear and definite to inform a developer"wherein the plan failed to meet the requirements of theregulations." E.C. Yokely, supra, § 54, at 252 (emphasis added) (quoted in Smith v. City of Mobile, supra); see also County Regulations § 2.22(4) ("staff may notify the subdivider in writing of all recommendations and shall afford him anopportunity to submit an amended plan") (emphasis added); § 2.22(6)(b) ("staff may approve the preliminary plan conditionally and require amendments to the plan") (emphasis added); § 2.22(6)(d) (following disapproval, subdivider "must then submit a new preliminary plan if he wishes to create the subdivision") (emphasis added). Such specificity is required in order to satisfy constitutional due process guarantees against arbitrary and capricious government action. E.C. Yokely, supra, § 54, at 252 (citing RK Development Corp. v. City of Norwalk,156 Conn. 369, 242 A.2d 781 (1968)).
Jefferson County's official notice citing "planned county roadway construction" as the basis for disapproval of the preliminary plats falls considerably short of the specificity required by the applicable statutes and regulations. More precisely, the purported explanation utterly fails to apprise Pine Brook of the nature of the deficiency, and, consequently, of the nature of such amendments as would render the plans acceptable. County Regulations § 2.22(4) and (6)(b). Indeed, recognition of the explanation offered in this case would effectively authorize suspension of real estate development for an indefinite time — a result inconsistent with the strict time constraints imposed on the Jefferson County authorities by the county's own regulations. See County Regulations § 2.22(6) (requiring staff action within "14 days of receipt of the preliminary plan"); § 2.22(6)(b) (requiring submission of acceptable amended plan within 90 days); § 2.22(6)(c) (preventing postponement of a *Page 1017 
decision beyond 30 days). Cf. Urbanizadora Versalles, Inc. v.Rivera Rios, 701 F.2d 993 (1st Cir. 1983) (zoning ordinance preventing development of property for 13 years in anticipation of eventual highway construction violated federal due process guarantees).
Under these facts, we hold that Pine Brook had a clear, legal right to the approval of its plats. See Sigler v. City ofMobile, 387 So.2d 813 (Ala. 1980) (approval of subdivision plans may be secured through a writ of mandamus where the reason offered for disapproval fails to comply with applicable statutes); E.C. Yokely, supra, § 69(e). Consequently, the judgment of the Court of Civil Appeals is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.